452 A.2d 536

COMMONWEALTH of Pennsylvania

v.

James P. HERBERG, Appellant.

Superior Court of Pennsylvania.

Argued March 22, 1982.

Filed Nov. 5, 1982.

246

John Rogers Carroll, Philadelphia, for appellant.

Michael Johnston, District Attorney, Mifflintown, for Commonwealth, appellee.

Before WICKERSHAM, ROWLEY and WATKINS, JJ.

ROWLEY, Judge:

The appellant, a practicing physician, entered pleas of guilty to ten (10) charges of unlawful distribution of controlled substances, as well as to two additional counts of

conspiracy in connection with those deliveries. The deliveries were made in a five month period from November, 1978 to March, 1979. *After* having been sentenced to a total of five (5) to ten (10) years imprisonment, plus costs, restitution, and fine of $30,000.00, appellant presented a motion to withdraw his guilty plea and also for modification of sentence. The post-sentence motions were denied and appellant has filed this direct appeal.

Appellant argues first, that the guilty plea colloquy is defective and second, that the sentence imposed is excessive.

■ With respect to appellant's challenge to his guilty plea, it must be emphasized that there is an important distinction between pre-sentencing attempts to withdraw a guilty plea and post-sentencing attempts. *Commonwealth v. Shaffer,* 498 Pa. 342, 446 A.2d 591 (1982). When considering a petition to withdraw a guilty plea *after sentencing,* it is well established that "a showing of prejudice on the order of manifest injustice" is required before withdrawal is properly justified. *Commonwealth v. Starr,* 450 Pa. 485, 490, 301 A.2d 592, 595 (1973). Post-sentencing attempts to withdraw a guilty plea must sustain this more substantial burden because of the recognition that a plea withdrawal can be used as a sentence testing device. *Commonwealth v. Starr,* 450 Pa. at 489, 301 A.2d at 594.

## I.

■ Appellant's first challenge to the validity of his plea is that the colloquy is defective because he was not specifically advised that a jury verdict would have to be unanimous in order to convict him. The Commonwealth and the trial court concede that that specific instruction was not given. Therefore, under the standard set out in *Commonwealth v. Starr, supra,* we must determine whether refusing to allow appellant to withdraw his plea on that basis would amount to a manifest injustice.

We have concluded that appellant has not demonstrated any such "manifest injustice". During the colloquy, the trial

court addressed numerous questions to the appellant concerning the selection and operation of the jury. Afterwards, appellant's counsel himself stated that the colloquy was "quite extensive and covered everything". Immediately prior to entering his plea, appellant had observed the jury trial of another criminal case in the same courtroom. Appellant was present in the courtroom for the entire charge to the jury, during which the necessity of a unanimous verdict was explained. Appellant is a forty-six year old physician who, by his own admission, is of "above average intelligence". Additionally, the record shows that appellant was convicted, and sentenced, on drug related charges in Centre County prior to his sentence in the present case. In view of the above, it is inconceivable that appellant did not know of the requirement of a unanimous verdict. Indeed, he has never claimed that he had no such knowledge. He does not now contend that the plea was involuntary, but has charged only that because the word "unanimous" was not specifically mentioned by the trial court, the plea is invalid. We do not agree.

Appellant relies on *Commonwealth v. Ward,* 483 Pa. 53, 394 A.2d 535 (1978). In *Ward,* as in the present case, the trial court failed to inform the defendant of the requirement of a "unanimous" verdict. A majority of the Supreme Court held that such a colloquy failed to comply with the mandate of Pa.R.Crim.P. 319. However, to the extent that *Ward* laid down a *per se* rule requiring reversal in such a case, we believe that it has been overruled by *Commonwealth v. Shaffer, supra,* which held that the validity of a plea should be determined by the totality of the circumstances surrounding the entry of the plea. As Justice McDermott observed in his concurring opinion in the *Shaffer* case, "The guilty plea colloquy has become almost symbolic of the worship of technicality over substance, and is where not ridiculous, tragic." *Commonwealth v. Shaffer,* 498 Pa. at 356, 446 A.2d at 598. As the Supreme Court stated in *Shaffer,* "blind adherence to a *per se* rule would not, in this case, comport with any notion of remedying a 'manifest injustice'." *Com-*

*monwealth v. Shaffer,* 498 Pa. at 349, 446 A.2d at 594. Viewing all of the circumstances of this case, we have concluded that the court's failure to inform appellant of the requirement for a "unanimous" verdict did not constitute a manifest injustice and did not affect the validity of his plea.

## II.

In his second challenge to the validity of his plea, appellant alleges that the court failed to define the offense of delivery of drugs. The information against appellant charged him with violations of 35 P.S. § 780–113(a)(14), which prohibits: "The administration, dispensing, delivery, gift or prescription of any controlled substance by any practitioner or professional assistant under the practitioner's direction and supervision unless done i) in good faith in the course of his professional practice; ii) within the scope of the patient relationship; iii) in accordance with treatment principles accepted by a responsible segment of the medical profession."

The trial court explained to appellant that in order to prove the charges, the Commonwealth would have to establish that he was a practitioner, that the act was outside the scope of his professional practice, that he intentionally delivered the drug to someone who was not a patient, and that that was not in accord with good medical practice. For each charge, the trial court explained the identity of the controlled substance involved and repeated the elements of the offense to the appellant, who indicated that he understood them. Contrary to appellant's assertion, we find that the trial court adequately defined and explained the elements of the offenses charged.

Appellant argues that the court did not quote the exact language of the statute. This is merely a "semantic quibble" and is without merit. *See Commonwealth v. Possinger,* 264 Pa.Super. 332, 340 n. 4, 399 A.2d 1077, 1081 n. 4 (1979).

Appellant also argues that the court failed to define "practitioner" and "administer or deliver". This argument

is also without merit.  These are commonly used terms with easily understood meanings, especially for a forty-six year old physician who had been practicing medicine for nineteen years.  *See Commonwealth v. Everett,* 290 Pa.Super. 344, 434 A.2d 785 (1981).

### III.

■  Appellant next alleges that his plea is invalid because the court failed to advise him of the statutory requirement that an information charging conspiracy must allege an overt act.  A review of the record shows that the trial court correctly defined the offense of conspiracy and did inform appellant that the Commonwealth had to prove an overt act. The court then asked appellant whether he understood the elements of conspiracy and appellant replied that he did. This section of the colloquy clearly complied with *Commonwealth v. Ingram,* 455 Pa. 198, 316 A.2d 77 (1974).

It is true that the information in this case did not allege an overt act in the conspiracy counts.  However, this was harmless error.  Appellant was specifically charged with delivery of a controlled substance, cocaine, which was plainly an overt act in furtherance of the conspiracy charged.  The fact that the Commonwealth erred by not specifically incorporating [1] the prior count into the conspiracy counts was a technical defect which could be cured even after a verdict. *Commonwealth v. Rolinski,* 267 Pa.Super. 199, 406 A.2d 763 (1979).

### IV.

■  Appellant's final challenge to his plea is that the court failed to require a statement of record of the factual basis for the plea.  This allegation is not accurate.  Officer Richard W. Husler gave testimony as to the facts behind the charges.  This testimony spans six pages of transcript.  It is true that part of this testimony consisted of Officer Husler reading a statement by Trooper Craig Wolfe, to whom most

---

1. However, Count 11, alleging a conspiracy, did refer to Count 10, alleging the delivery of a substance containing cocaine.

of the drugs were delivered. However, Trooper Wolfe was generally available to testify if the defense had made such a request. This testimony clearly established a record of the factual basis for the plea.

■ Appellant argues that the court should have inquired if he admitted and understood this recital of the evidence. We disagree. The appellant stated many times during the colloquy that he understood the charges and that his plea was knowing and voluntary. "And, while it may be more advisable for the court to elicit from the accused personally the factual basis for the guilty plea, the failure to follow this procedure is not sufficient to invalidate the plea, if during the plea proceedings the facts of the crime and the factual basis for the plea are placed on the record in the presence of the accused and the court." *Commonwealth v. Nelson,* 455 Pa. 461, 464, 317 A.2d 228, 229 (1974).

## V.

■ Appellant's final argument on appeal is that, in view of the circumstances[2], the sentence he received is manifestly excessive. It is undisputed that the sentence in this case is within the statutory limits. Therefore, absent an abuse of discretion, the sentence will not be disturbed on appeal. *Commonwealth v. Gillespie,* 290 Pa.Super. 336, 434 A.2d 781 (1981). The record in this case reveals that the trial judge considered both appellant's character and the particular circumstances of the offenses. He was provided with a pre-sentence investigative report and a pre-sentence memorandum from appellant, as well as the testimony of various professional and non-professional individuals. His reasons for the sentence imposed were clearly and adequately stated on the record. Therefore, we conclude that the sentence was not manifestly excessive and that there was no abuse of discretion by the trial judge.

Judgment of sentence affirmed.

---

**2.** There was evidence that at the time of the offenses, appellant was an alcoholic and drug addict and that since that time, he had made substantial progress towards rehabilitation.