493 A.2d 691

**COMMONWEALTH of Pennsylvania**

**v.**

**Barry Charles GORDON, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 5, 1984.

Filed March 15, 1985.

Reargument Denied May 22, 1985.

---

482

H. Robert Fiebach, Philadelphia, for appellant.

Sandra L. Elias, Deputy District Attorney, Media, for Commonwealth, appellee.

Before CIRILLO, OLSZEWSKI and MONTGOMERY, JJ.

PER CURIAM:

This is an appeal from the judgment of sentence issued by the Honorable Charles C. Keeler on May 23, 1983 in the Court of Common Pleas of Delaware County.

On July 15, 1982 Barry Gordon, a licensed pharmacist and appellant in this case, sold a prescription drug to a criminal

informant without a prescription. The drug sold by appellant was dilaudid, a Schedule II opiate derivative drug. The sale of the dilaudid took place at a motel in Springfield Township. Appellant was immediately arrested by police following the $800 sale to the informant, and was charged with violating subdivisions 13(a)(16) and (30) of the Controlled Substance, Drug, Device, and Cosmetic Act, Act of April 14, 1972, P.L. 233, No. 64 (as amended), 35 P.S. § 780–113(a)(16) and (30).

On November 12, 1982, the appellant waived his right to a jury trial and a bench trial commenced before the Honorable Charles C. Keeler. The uncontroverted evidence at trial showed that Mr. Gordon was a pharmacist licensed by the State Board of Pharmacy. At the conclusion of the Commonwealth's case the appellant demurred to the evidence and at the conclusion of his own case moved for a directed verdict of acquittal, contending that as a licensed pharmacist he could not be found guilty of violating the sections the Commonwealth had charged him with. Appellant maintained that subdivisions 13(a)(16) and (30) of the CSDDCA by their very terms did not apply to practitioners which included licensed pharmacists. The trial court denied these motions and on November 15, 1982 found the appellant guilty of the offenses charged. The trial court also denied the appellant's post-verdict motions for a new trial and in arrest of judgment. This appeal followed.

Appellant raises three contentions on appeal: 1) that appellant, a pharmacist licensed with the State Board of Pharmacy, cannot be convicted under Sections 13(a)(16) and (30) of the CSDDCA because these sections exempt "practitioners"; 2) that the Commonwealth withheld exculpatory evidence requested by appellant; and 3) that the Commonwealth violated the Wiretapping and Electronic Surveillance Control Act, 18 Pa.C.S. § 5701–5726.

We agree with appellant's contention that because he is a licensed pharmacist he cannot be found guilty of violating two statutory provisions of the CSDDCA which by their very terms do not apply to pharmacists. Because appellant

was wrongly charged and convicted under sections of the CSDDCA which expressly exempt licensed pharmacists, we must reverse the conviction. We therefore need not address the other arguments raised.

Section 780–113(a)(16), under which appellant was convicted, prohibits the following:

Knowingly or intentionally possessing a controlled or counterfeit substance *by a person not registered under this Act, or a practitioner not registered or licensed by the appropriate State Board....*

(Emphasis ours). He was also convicted of violating Section 780–113(a)(30), which prohibits:

Except as authorized by this Act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance *by a person not registered under this Act,* or a *practitioner not registered or licensed by the appropriate State Board,* or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

(Emphasis ours).

An element of both offenses is that the defendant *not* be registered under the Act (the CSDDCA) nor be licensed or registered by the appropriate State Board. *Commonwealth v. Sojourner,* 268 Pa.Super. 488, 408 A.2d 1108 (1979). Once the defendant comes forward with some evidence of licensure or registration, the Commonwealth has the burden of proving non-licensure or non-registration beyond a reasonable doubt. *Id.; Commonwealth v. Herman,* 288 Pa.Super. 219, 431 A.2d 1016 (1981).

In the present case, appellant introduced into evidence an affidavit from the Commissioner of Professional and Occupational Affairs for the Commonwealth of Pennsylvania. The affidavit attested that Mr. Gordon was a licensed pharmacist on the date of the drug transaction. The Commonwealth introduced no evidence to the contrary. Since the Commonwealth did not show beyond a reasonable doubt that the appellant was not a practitioner once the appellant

came forward with evidence that he was a practitioner, the Commonwealth failed to prove one of the elements of the crimes charged.

The Commonwealth argues, however, that appellant does not fall within the definition of "practitioner" as defined in 35 P.S. § 780–102(b) and therefore was not exempt from prosecution under the two sections charged. A "practitioner" is defined as follows:

> (i) a physician, osteopath, dentist, veterinarian, *pharmacist,* podiatrist, nurse, scientific investigator, or other person licensed, registered, or otherwise permitted to distribute, dispense, conduct research with respect to or to administer a controlled substance, other drug or device *in the course of professional practice* or research in the Commonwealth of Pennsylvania....

(Emphasis ours). The Commonwealth argues that appellant, a registered pharmacist, was not a "practitioner" because he sold a controlled substance without a prescription outside the four walls of his pharmacy. He therefore was not acting "in the course of professional practice" when he sold the controlled substance, the Commonwealth asserts.

■ It is not at all apparent from the wording of Section 780–102(b)(i) that the legislature intended that a pharmacist should lose "practitioner" status by acting outside "the course of professional practice." In fact, the most literal reading of the definitional section in question indicates that the phrase "in the course of professional practice" modifies only the catch-all designation "other person licensed, registered, or otherwise permitted to distribute [etc.] a controlled substance...." It seems to have been assumed that a physician, osteopath, pharmacist, or member of any of the other professions specifically mentioned in Section 780–102(b)(i) would be a person "licensed" or "permitted" to deal with controlled substances. Of course, if a physician, pharmacist, or other practitioner were not properly licensed to practice his profession in the first place, he would be liable

to prosecution under the plain terms of Section 780–113(a)(16) and (30).

The assertion that a practitioner is not a practitioner when he acts outside the scope of his practice loses all tenability when we look at the provisions of the CSDDCA which specifically regulate practitioners. Section 780–113(a)(14) of the Act prohibits:

The administration, dispensing, delivery, gift or prescription of any controlled substance by any *practitioner* . . . *unless* done (i) *in good faith in the course of his professional practice;* (ii) within the scope of the patient relationship; (iii) in accordance with treatment principles accepted by a responsible segment of the medical profession.

(Emphasis added). The Commonwealth urges us to find subsection (a)(14) applicable only to illegal drug transactions taking place under color of a legitimate medical or pharmaceutical practice, and to find subsections (a)(16) and (30) applicable whenever a practitioner steps out of the confines of his practice to act as a "street dealer." The Commonwealth supports its theory with dictum from *Commonwealth v. West*, 270 Pa.Super. 301, 411 A.2d 537 (1979) (allocatur denied), in which we held that a physician who was licensed but not registered by the appropriate State board was still a "practitioner" for purposes of prosecution under subsection (a)(14). It is true the Court in *West* referred to the purpose of subsection (a)(14) to regulate practitioner abuse rather than "street transactions," but we used this reference only to demonstrate that Dr. West was indeed a "practitioner" in the common-sense meaning of that term.

We think the more pertinent case is *Commonwealth v. Herberg*, 306 Pa.Super. 245, 452 A.2d 536 (1982), in which we echoed *West* with the observation that "practitioner" is a "commonly used term[ ]" with an "easily understood meaning[ ]." *Id.*, 306 Pa.Superior Ct. at 250–51, 452 A.2d at 538. We also stated in *Herberg*, however, that acting "outside the scope" of professional practice is an element of the crime defined in subsection (a)(14). *Id.*, 306 Pa.Superior

Ct. at 250, 452 A.2d 536. Obviously, then, acting outside the bounds of professional practice does not change a practitioner into a non-practitioner for purposes of the statute. *Accord Commonwealth v. Comins,* 371 Mass. 222, 356 N.E.2d 241 (1976), *cert. denied,* 430 U.S. 946, 97 S.Ct. 1582, 51 L.Ed.2d 793 (1977).

Under Section 780–113(a)(14) the prosecution has to prove first, that the defendant was a practitioner, and second, that the practitioner acted outside the scope of his professional practice. Where and under what circumstances an illegal transaction occurred is simply given no significance under the Act. If this Court were to accept the Commonwealth's contention that a practitioner becomes a non-practitioner whenever "common sense" indicates that he has acted outside the scope of his professional practice, Section 780–113(a)(14) would be rendered meaningless. Once the Commonwealth proved the element that the practitioner acted outside the scope of his practice, proof of the other element would be impossible because the defendant in question would no longer be a practitioner. The legislature could not have intended such an absurd result.

■■■ Moreover, we find that the overall statutory scheme clearly supports appellant's argument that his status as a practitioner exempts him from prosecution under Section 780–113(a)(16) and (30). The term "practitioner" is defined only in Section 780–102(b) of the Act and therefore means the same thing throughout the Act. Some parts of the Act by their terms apply only to practitioners (*e.g.,* § 780–113(a)(14)); other sections apply only to non-practitioners (*e.g.,* § 780–113(a)(16) and (30)); and still others apply to all persons (*e.g.,* § 780–113(a)(12); § 780–125). The legislature, rather than treat practitioners and non-practitioners alike, exempted practitioners from provisions relating to possession or distribution of controlled substances and supplemented these provisions with prohibitions directed to the abuse of the practitioner's privilege to practice his or her profession. *See also* 35 P.S. § 780–123.

■■■ It is our obligation to strictly construe penal statutes. 1 Pa.C.S. § 1928(b)(1); *Commonwealth v. Sojourner, su-*

*pra.* Appellant could and should have been prosecuted under § 780–113(a)(14) of the CSDDCA. Unfortunately, he was improperly charged under § 780–113(a)(16) and (30). A strict construction of the provisions under which appellant was charged shows that the Commonwealth failed to prove an essential element in both offenses, namely, his non-practitioner status. Since appellant was indeed a practitioner as defined in the Act, he cannot be guilty of the crimes he was charged with, and his conviction must be reversed. *See Commonwealth v. Boyd,* 315 Pa.Super. 308, 461 A.2d 1294 (1983) (appeal granted and vacated in part, December 27, 1983).

Judgment of sentence reversed; appellant discharged.

OLSZEWSKI, J., files a concurring statement.

OLSZEWSKI, Judge, concurring:

I reluctantly concur. The majority, in its opinion, has correctly analyzed the law as applied to the facts of this case. It gives me pause, however, to consider that appellant must go free not for want of evidence but because the prosecution failed to charge him under the applicable section, 35 P.S. § 780–113(a)(14).