506 A.2d 941

**COMMONWEALTH of Pennsylvania**

v.

**Susan Marian KITCHENER, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 10, 1985.

Filed March 24, 1986.

John P. Lawler, Stroudsburg, for appellant.

James F. Marsh, District Attorney, Stroudsburg, for Commonwealth, appellee.

Before WIEAND, CERCONE and ROBERTS, JJ.

ROBERTS, Judge:

Appellant Susan Marian Kitchener and her co-defendant Kevin Michael Donahue, in a non-jury trial, each were found guilty of criminal conspiracy, 18 Pa.C.S.A. § 903(a), possession of a controlled substance, 35 P.S. § 780–113(a)(16), and possession of a controlled substance with intent to deliver, 35 P.S. § 780–113(a)(30). Concluding that Kitchener's arrest was proper, that the Commonwealth presented evidence sufficient to prove guilt beyond a reasonable doubt, and that no abuse of discretion accompanied sentencing, we affirm the judgment of sentence.

An arrest warrant was issued for Donahue, a fugitive from justice in the State of New Jersey, and executed at the couple's residence at about noon on July 6, 1983. After announcing their presence and then hearing running footsteps, the police immediately entered the home. The period from announcement until entry was approximately 10 seconds. While securing the residence, one of the officers found in plain view a small amount of marijuana in an ashtray in the living room. Based upon this discovery, a search warrant was issued to investigate the entire residence for illegal drugs and drug paraphernalia. The search warrant was executed about two hours after Donahue's arrest. From this search, the police found, under the bed where defendants were discovered, a mason jar with 327.7 grams of metamphetamine and a briefcase containing syringes, 78.8 grams of metamphetamine, and Kitchener's automobile registration card. Also found was a plastic bag with 20.3 grams of metamphetamine located in the freezer compartment of the refrigerator and 54 milligrams of cocaine and an indeterminate amount of marijuana located under a living room chair. Subsequent to this discovery, Kitchener also was arrested.

 Absent exigent circumstances, a police officer executing a warrant must give notice of his identity and announce his purpose prior to entering a private residence.

*Commonwealth v. DeMichel,* 442 Pa. 553, 277 A.2d 159 (1971). Additionally, again absent exigent circumstances, even where the police comply with the "knock and announce" requirements, forcible entry into the premises will not be permitted until the occupants are first given an opportunity to voluntarily surrender the premises. *Id.,* 442 Pa. at 561, 277 A.2d at 163. Here, Kitchener asserts the ten second lapse between the time the police announced their identity and purpose and their subsequent forcible entry into the residence was not long enough to pass constitutional muster under *DeMichel, supra. See* Pa.R. Crim.P. 2007(a). But, as we conclude that exigent circumstances were present, Kitchener's claim is meritless.

■ In *Commonwealth v. Eliff,* 300 Pa.Super. 423, 446 A.2d 927 (1982), this court set forth alternative tests to determine whether exigent circumstances exist. The first test, as initially proposed in *Dorman v. United States,* 435 F.2d 385 (D.C.Cir.1970), lists a number of factors to be examined. Among the factors considered by the *Dorman* court were: (1) the gravity of the offense, (2) whether the suspect is reasonably believed to be armed, (3) the degree to which probable cause exists beyond minimum warrant requirements, (4) whether there is strong reason to believe the suspect is in the premises to be entered, (5) the likelihood of the suspect's escape, (6) whether the opportunity for peaceable entry was offered, and (7) the time of entry. *Id.* at 392–393 as cited in *Eliff, supra,* 300 Pa.Super. at 439, 446 A.2d at 935. The alternative test, as set forth in *United States v. Flickinger,* 573 F.2d 1349 (9th Cir.), *cert. denied,* 439 U.S. 836, 99 S.Ct. 119, 58 L.Ed.2d 132 (1978), adopts a more flexible "totality of the circumstances" approach. *See Eliff, supra,* 300 Pa.Super. at 439–40, 446 A.2d at 935.

■ Under either standard, we see no basis for disturbing the finding of exigent circumstances by both the suppression and post-verdict courts. This daytime entry was made into the residence of a man with a history for violence and a propensity for fleeing from police. The investigating offi-

cers were aware that Donahue's record included arrests for several violent crimes including attempted murder, aggravated assault, and assault with a deadly weapon. A fugitive warrant for his arrest, issued by the State of New Jersey, was based in part on Donahue's possession of a handgun in his car. Further, as was noted at the suppression hearing, Donahue was reputed to be "a person who liked guns, machine guns, in particular."

When, after announcing their identity and purpose, the police heard running footsteps within the residence, strong reason existed to believe that Donahue was attempting either to escape or to arm himself. Clearly, given all that had come into the knowledge of the police prior to execution of the arrest warrant, forcible entry into the residence was justified by exigent circumstances. *See, e.g., Commonwealth v. Stanley,* 498 Pa. 326, 446 A.2d 583 (1982) (exigent circumstances exist where potential harm and peril to police safety are present); *Commonwealth v. Norris,* 498 Pa. 308, 446 A.2d 246 (1982) (where there are indications that a suspect is fleeing, exigent circumstances are found). At this instance, the requirements of the "knock and announce" rule became inapplicable. *See Stanley, supra; Norris, supra.*[1]

Kitchener next contends that the Commonwealth failed to introduce sufficient evidence to sustain a guilty verdict on each of the three counts. She maintains that no evidence

---

**1.** Kitchener claims that she was arrested during the execution of the arrest warrant for Donahue. Asserting that no probable cause existed at that time for an arrest, Kitchener maintains that the subsequent search was illegal. However, the record establishes that she was not arrested until after the execution of the search warrant, some two hours later. Kitchener was able to move freely about the premises. She prepared a meal for Donahue and cared for her children. At no time was she told that she could not leave the residence. Accordingly, as Kitchener could hold no "reasonable impression" that she was being restrained or deprived of her liberty, no arrest took place during the execution of Donahue's arrest warrant. *See Commonwealth v. Benson,* 280 Pa.Super. 20, 27, 421 A.2d 383, 386–87 (1980) *citing Commonwealth v. Holmes,* 482 Pa. 97, 393 A.2d 397 (1978); *Commonwealth v. Richards,* 458 Pa. 455, 327 A.2d 63 (1974). Kitchener's lack of probable cause claim is of no consequence as no arrest occurred until after the search.

was presented which uniquely linked her to the controlled substances. Yet, her claim is not supported by the record.

■ As to the counts of possession, since the controlled substances were not found on the persons of either Kitchener or Donahue, the Commonwealth needs to prove "constructive possession," i.e. conscious dominion over the contraband. *See Commonwealth v. Chenet,* 473 Pa. 181, 184, 373 A.2d 1107, 1108 (1977); *Commonwealth v. Fortune,* 456 Pa. 365, 368–69, 318 A.2d 327, 328 (1974). This burden of proof may be met by showing joint possession by defendants. "Possession of an illegal substance need not be exclusive; two or more can possess the same drug at the same time." *Commonwealth v. Macolino,* 503 Pa. 201, 209–10, 469 A.2d 132, 136 (1983).

■ Circumstantial evidence may serve to sustain a conviction on the conspiracy charge. "A conspiracy may be proven inferentially by showing the relation, conduct, or circumstances of the parties, and the overt acts of alleged co-conspirators are competent as proof that a criminal confederation has in fact been formed." *Commonwealth v. Kennedy,* 499 Pa. 389, 395, 453 A.2d 927, 930 (1982) (citations omitted).

In our review of Kitchener's sufficiency arguments, we must view the evidence in the light most favorable to the Commonwealth. The test is whether the trier of fact could reasonably have found all the elements of the crime to have been established beyond a reasonable doubt. *See Commonwealth v. Eckert,* 244 Pa.Super. 424, 428, 368 A.2d 794, 796 (1976).

■ Here, the evidence clearly supports the finding that Kitchener was in joint constructive possession of the controlled substances. The drugs were found in a dwelling where Kitchener and Donahue were the sole adult residents. This contraband was located in places which would be peculiarly within the access and knowledge of the residents. Surely, it was reasonable for the fact finder to conclude that Kitchener knowingly or intentionally pos-

sessed controlled substances. *See* 35 P.S. § 780–113(a)(16). Metamphetamine was discovered in a mason jar and in a briefcase under the bed where defendants were found. Notably, the briefcase also contained Kitchener's automobile registration card. Further, the locating of contraband in the freezer and under a living room chair, areas peculiarly within the control of Kitchener and Donahue, lends additional support for the conclusion that each defendant intended to jointly possess the substances. *See Commonwealth v. DeCampli,* 243 Pa.Super. 69, 364 A.2d 454 (1976) (contraband found in places peculiarly within control of the accused provides proof of intent to exercise control); *Commonwealth v. Gilchrist,* 255 Pa.Super. 252, 386 A.2d 603 (1978) (elements of joint constructive possession may be inferred from a totality of the circumstances). Similarly, it was reasonable for the fact finder to determine that Kitchener possessed the contraband with the intent to deliver. *See* 35 P.S. § 780–113(a)(30). The search of the residence uncovered over 400 grams of metamphetamine together with a briefcase containing syringes. Based upon the quantity of contraband and the presence of paraphernalia used in drug trafficking, the inference of possession with intent to deliver was a reasonable one. *See Commonwealth v. Bagley,* 296 Pa.Super. 43, 442 A.2d 287 (1982); *Commonwealth v. Santiago,* 462 Pa. 216, 340 A.2d 440 (1975). It must be concluded that sufficient evidence was presented to sustain a finding of guilt beyond a reasonable doubt for both possessory offenses.

■ Additionally, these same circumstances support a finding of conspiracy. Under 18 Pa.C.S.A. § 903(a), a person is guilty of conspiracy with another person if the two agree to commit a crime. The existence of an agreement may be proven through an examination of the "relations, conduct, circumstances and overt acts" of the parties. *See Commonwealth v. Finnegan,* 280 Pa.Super. 584, 599, 421 A.2d 1086, 1093 (1980); *see also Commonwealth v. Dolfi,* 483 Pa. 266, 396 A.2d 635 (1979). This record establishes that Kitchener and Donahue, being the sole adult residents

of a home, stored large quantities of contraband in areas which were peculiarly within their knowledge and access. These circumstances establish that the unlawful possession only could have come about through the joint conduct of the co-defendants. In light of the proof provided, it was not unreasonable for the fact finder to infer that Kitchener and Donahue agreed to possess the drugs. There is no basis for disturbing the trial court's finding that sufficient evidence existed to sustain the conspiracy conviction.

Lastly, Kitchener claims that the trial court abused its discretion by harshly sentencing her to the same term of imprisonment as her co-defendant Donahue. She notes that Donahue has an extensive criminal history while she has had "little involvement" with the law. Further, Kitchener points to her status as a mother and sole means of support for two children.

Sentencing is a function which falls within the discretion of the trial court. On appeal, a sentence may not be disturbed unless it "exceeds the statutorily prescribed limits or is so manifestly excessive as to constitute too severe a punishment." *Commonwealth v. Wrona*, 442 Pa. 201, 206, 275 A.2d 78, 80–81 (1971) (citation omitted). Here, neither condition is satisfied.

■■ Kitchener was sentenced to eleven and one-half to twenty-three months imprisonment. Based upon her conviction for conspiracy, possession, and possession with intent to deliver, the imposed sentence was clearly within the statutorily prescribed limits. 42 Pa.C.S.A. § 9721. Additionally, the transcript of sentencing reveals that each of Kitchener's allegedly mitigating claims was argued before the court. However, the court rejected these claims for two principal reasons. First, it was noted that the quantity of drugs found on the premises exceeded that which would be for personal use. Second, and related to the amount possessed, the court emphasized the serious problem of bedroom communities becoming warehouses and manufacturing places for the drug industry. Recognizing that Kitchener has a "relatively clean record," the court regarded the

gravity of the crime and the danger it posed to society as justifying the sentence.

This sentence is not "so clearly excessive" as to constitute too severe a punishment. *See Commonwealth v. Hollerbush,* 298 Pa.Super. 397, 407, 444 A.2d 1235, 1240 (1982). On the face of this record, the sentencing court's rejection of Kitchener's assertions of mitigating circumstances was neither an error of law nor an abuse of discretion. *See Commonwealth v. Herberg,* 306 Pa.Super. 245, 452 A.2d 536 (1982); *Hollerbush, supra.*

Judgment of sentence affirmed.