## Commonwealth v. Woloshun

*Amy Keim, assistant district attorney,* for the Commonwealth.

*Richard M. Conte,* for defendant.

McCORMICK, Jr., *J.,* April 12, 1991—This matter is before the court on a petition for writ of habeas corpus filed by defendant, Paul Jacob Woloshun, who has been charged with one count of possession of controlled substance, 35 Pa.C.S. §780-113(a)(16); one count of possession of small amount, 75 Pa.C.S. §780-113(a)(31); and one count of possession of drug paraphernalia, 35 Pa.C.S. §13(a)(32).

On October 17, 1990, a preliminary hearing was held before District Justice Lois Diehl at which time the Commonwealth offered the following evidence: On July 20, 1990, Trooper Olczak of the Pennsylvania State Police was on patrol in an unmarked police vehicle on Radabaugh Road in Hempfield Town-

ship. He observed a 1985 Pontiac pull off the road and noticed that the right taillight was not working. The trooper stopped by the vehicle and approached the driver who identified herself as Brenda Hayes. He noticed a strong odor of alcohol emanating from inside the vehicle. Defendant was the sole passenger in this vehicle. The trooper asked Brenda Hayes, the owner, if he could search her vehicle and she verbally consented. In the glove compartment the trooper found a woman's compact containing cocaine residue, a glass pipe with marijuana residue, and a Van Halen cassette tape with a razor blade in it. The Commonwealth also suggests that Brenda Hayes and the defendant were "cohabiting" at the time.*

Defendant argues that the District Justice improperly bound him over on these charges because there is insufficient evidence that he had possession of the contraband found in the glove compartment of Ms. Hayes' automobile. The Commonwealth responds that there is sufficient evidence to prove "joint constructive possession" on the part of defendant.

Clearly the Commonwealth has not been able to show actual possession of the contraband by defendant. However, in cases where actual possession cannot be shown, constructive possession can be established where the defendant has both the power and intent to exercise control over the contraband. *Commonwealth v. Bruner,* 388 Pa. Super. 82, 564 A.2d 1277 (1989). The power to control the contraband and the intent to exercise that control has been defined as "conscious dominion." *Commonwealth v. Macolino,* 503 Pa. 201, 469 A.2d 132 (1983). An

---

* The Commonwealth attempted to introduce evidence at the preliminary hearing that defendant and Ms. Hayes were cohabiting but the District Justice sustained defense counsel's objection to the admission of this evidence.

intent to maintain a conscious dominion may be inferred from the totality of the circumstances. *Id.* Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. *Commonwealth v. Mudrick,* 510 Pa. 305, 507 A.2d 1212 (1986).

After considering all of the evidence, this court is unable to conclude that defendant exercised conscious dominion over the contraband or that his possession was more likely than not. The Commonwealth argues that *Macolino, supra,* and *Commonwealth v. Kitchener,* 351 Pa. Super. 613, 506 A.2d 941 (1986), are controlling and that since defendant and Brenda Hayes were cohabitants, constructive possession can be inferred. Indeed, *Mudrick, supra,* makes it clear that even absent a marital relationship constructive possession may be found in either or both actors if the contraband is found in an area of "joint control and equal access."

The missing element in this case is the intent to exercise control over the contraband by defendant. In all of the cases cited by the Commonwealth the contraband was found in a dwelling in which both actors resided. The courts in those cases were able to conclude from the location of the contraband and the totality of the circumstances that the parties exercised shared access and control. The Commonwealth has cited no authority that a passenger in an automobile can be inferred to have the requisite access and control, i.e. conscious dominion, over contraband in the glove compartment, regardless of whether he or she is cohabiting with the owner/driver. Dwellings and living quarters are obviously more intimate surroundings and can be expected to hold the personal property of all the persons who live there. But the personal property contained in a

person's car may be wholly unknown to passengers in the car, including paramours and spouses.

Although defendant was present in the vehicle, there is no evidence that he performed any act with respect to the contraband, nor any evidence that he was even aware of the presence of the contraband. The discovery of contraband in close proximity to a defendant, in a location equally accessible to others, cannot alone support a conviction. *Commonwealth v. Keblitis,* 500 Pa. 321, 456 A.2d 149 (1983). Indeed, the contraband in this case is presumably less accessible to defendant since it was not his automobile, notwithstanding that he may have been cohabiting with the owner.

There is no evidence from which to infer that defendant had any knowledge of the contraband in the glove compartment. One can certainly speculate that he did, but one can equally speculate that he did not. "When a party on whom rests the burden of proof in either a criminal or civil case offers evidence consistent with two opposing propositions, he proves neither." *Commonwealth v. New,* 354 Pa. 188, 221, 47 A.2d 450, 468 (1946). There is simply no evidence from which a jury could infer beyond a reasonable doubt that defendant had constructive possession of the contraband.

For the foregoing reasons, the court enters the following

## ORDER OF COURT

And now, April 12, 1991, upon consideration of the petition for writ of habeas corpus filed by defendant, it is hereby ordered, adjudged and decreed that the charges filed against defendant at the above-captioned number and term are hereby dismissed.