J-S55009-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 3860 EDA 2017 |
| SABRINA ALLEN | | |

Appeal from the Orders Entered October 24, 2017
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0004769-2017

BEFORE:  OLSON, J., STABILE, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.:                **FILED DECEMBER 07, 2018**

Appellant, the Commonwealth of Pennsylvania, appeals from the orders entered on October 24, 2017.[1]  Upon careful review, we reverse the orders and remand for additional proceedings.

The trial court recited the facts of this case as follows:[2]

_____

[1] The Commonwealth appeals from two orders entered on October 24, 2017. The first order granted Sabrina Allen's motion for suppression of evidence wherein she challenged the affidavit of probable cause supporting a search warrant that the police executed at the apartment where she admitted she lived.  The second order granted Sabrina Allen's motion for writ of _habeas corpus_, quashing counts 1 through 4 of the criminal information filed against her.

[2]   The trial court adduced the facts from the affidavit of probable cause supporting the search warrant at issue, as well as the testimony from the suppression hearing.

On January 22, 2017[,] at about 9:43 p.m.[,] Officer [Joshua] Alexander arrived at [an apartment building in Delaware County, Pennsylvania] to investigate a reported fight with a gun in the parking lot. On his arrival[,] he saw a white pick-up truck leaving the lot. He stopped the truck and made contact with the driver (Anthony Allen) and the [d]efendant (Sabrina Allen). He learned from one of [] these subjects that earlier in the evening Sabrina Allen had an argument with her boyfriend[,] Thurmond Allen[,] in Apartment 319 and that she called Anthony Allen.[3] Anthony went to the apartment and a physical altercation between him and Thurmond Allen took place. Officer Alexander observed fresh cuts on Anthony Allen's hands. Officer Alexander asked [Sabrina Allen] for a description of Thurmond Allen and for the apartment number.

When speaking with Anthony Allen[,] Officer Alexander detected the odor of marijuana emanating from the interior of the vehicle. Officer Alexander searched the truck [with Anthony's consent] and found a duffle bag containing what he believed to be a vacuum-packed nine by [13] by two inch thick brick of marijuana. Officer Alexander asked Anthony Allen about the duffel bag and he stated that it was given to him by Thurmond Allen and that he did not know what was inside the bag. A gun was not found in the truck.

Anthony Allen was arrested. He was transported to the Radnor Police Department and was found to be carrying [10] clear plastic baggies of suspected cocaine in an Altoids container, and an additional [37] "8 ball"[-]sized and [20] "dime bag" baggies of marijuana in the duffel bag.[4]

During the interaction in the parking lot[,] an assisting officer went to Apartment 319 and attempted to make contact with Thurmond Allen. The door was ajar and the door frame was damaged

---

[3] Despite sharing the same last name, the trial court notes that the parties are not related. Trial Court Opinion, 1/24/2018, at 3 n.4. In order to avoid confusion, we will use full or first names throughout this memorandum. Moreover, we note that the Commonwealth is also challenging the trial court's grant of suppression in Thurmond Allen's case at 3868 EDA 2017.

[4] Laboratory tests later confirmed that the substances were, in fact, cocaine and marijuana, respectively.

consistent with forcible entry. Thurmond Allen did not respond to the officer's repeated knocking but soon thereafter arrived and another officer met him. That officer requested consent to search the apartment for the gun allegedly used [during the prior, reported physical altercation], and Thurmond Allen refused.

The neighbor[, Cynthia Neenan,] who called in the disturbance was contacted and she stated that she saw a violent fight outside her apartment and that she heard someone involved in the fight say that they had a gun.

Officer Alexander concluded: "Due to the above information, including the sheer quantity of the narcotics, the damage to the apartment door, the statement of Cynthia Neenan regarding a possible firearm, along with the violent nature of narcotics deals and dealers," he [] request[ed] a search warrant. The items to be searched for included[,] *inter alia*, marijuana, cocaine, drug paraphernalia, firearms, ammunition, proof of residency and records.

Trial Court Opinion, 1/24/2018, at 8-9 (most quotations omitted).

Accordingly,

Officer Alexander prepared the affidavit of probable cause in support of the search warrant application. The warrant issued and it was executed on January 23, 2017 by Officer Jonathon Jagodinski[,] who serves as a member of the Delaware County Drug Task Force. Officer Jagodinski testified that several suitcases, bags, a couch, and a television were in a common living area of the apartment. No people were present during the search. He described one of the suitcases as a zipped up "carry on," containing a modified shot gun with a sawed off barrel and a black ski mask. A cable bill bearing Thurmond Allen's name was seized. Officer Jagodinski testified that he seized an unspecified piece of mail for Sabrina Allen. He also seized a grinder with marijuana residue and a roach with burnt marijuana that was possibly in the common area. He believed that [a recovered] bong was in a bedroom. [Officer Jagodinski] testified that the apartment was in transition and there was both male and female clothing in the apartment.

*Id.* at 4 (record citations and most quotations omitted).

The Commonwealth filed a criminal complaint on January 23, 2017, charging Sabrina Allen, *inter alia*, with possession of a small amount of marijuana, possession of drug paraphernalia, and two counts of conspiracy (one count for each narcotics offense).[5]  Following a preliminary hearing, on July 27, 2017, a magisterial district judge held Sabrina Allen for trial on the charges.  On August 23, 2017, the Commonwealth filed a criminal information against Sabrina Allen, listing the four charges as set forth above.  On September 5, 2017, Sabrina Allen filed a request for a bill of particulars.  On that same day, Sabrina Allen filed an omnibus motion seeking suppression of the evidence recovered from Anthony Allen's vehicle and Apartment 319. In that motion, Sabrina Allen claimed that the police lacked probable cause for the issuance of a search warrant. On September 6, 2017, Sabrina Allen filed a motion for writ of *habeas corpus*, arguing that the Commonwealth failed to present sufficient evidence to establish a *prima facie* case regarding the pending charges.  The trial court held a hearing on the motions on October 4, 2017.  On October 24, 2017, the trial court entered the orders at issue, granting suppression and quashing the criminal information filed against Sabrina Allen.

In a subsequent opinion setting forth the grounds for ordering suppression and quashing the information lodged against Sabrina Allen, the trial court held that the affidavit of probable cause failed to justify the search

---

[5]  35 P.S. § 780-113(a)(31), 35 P.S. § 780-113(a)(32), and 18 Pa.C.S.A. § 903, respectively.

of Apartment 319. Specifically, the trial court found that the veracity of Anthony Allen was suspect and that Officer Alexander could not rely on his statements because: (1) police arrested Anthony Allen with a large quantity of marijuana; (2) Anthony Allen attempted to shift blame by claiming he did not know what was inside the duffel bag; and, (3) Anthony Allen told Officer Alexander that Thurmond Allen gave him the marijuana despite the physical confrontation between the two moments before. Trial Court Opinion, 1/24/2018, at 10. The trial court opined that it was erroneous for Officer Alexander to conclude that, "drugs and firearms could be found together in the apartment based on Anthony Allen's representation that he innocently received [the] duffel bag from Thurmond Allen [and] that 'narcotics deals and dealers' are violent by nature[.]" *Id.* Thus, the trial court determined that the Commonwealth failed to prove that there was probable cause to issue the search warrant and that the evidence obtained therefrom required suppression. This timely appeal resulted.[6]

---

[6] Because the 30th day of the appeal period fell during the Thanksgiving holiday when the courts were closed, the Commonwealth filed a timely notice of appeal on November 27, 2017. *See* Pa.R.A.P. 903 (notice of appeal shall be filed within 30 days after the entry of the order from which the appeal is taken); *see also* 1 P.S. § 1908 (whenever the last day of the appeal period falls on a legal holiday, such time shall be omitted from the computation of time). Moreover, pursuant to Pa.R.A.P. 311(d), the Commonwealth certified in its notice of appeal that the orders under review "terminate[d] or substantially handicap[ped] the prosecution." On December 5, 2017, the trial court ordered the Commonwealth to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). The Commonwealth complied timely. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on January 24, 2018.

On appeal, the Commonwealth presents the following issues for our review:

> A. Whether the trial court erred as a matter of law in granting [Sabrina Allen's] motion to suppress the evidence recovered following the execution of a search warrant at [Sabrina Allen's] apartment?
>
> B. Whether the trial court erred as a matter of law in granting [Sabrina Allen's] *habeas* motion for discharge where the Commonwealth presented a *prima facie* case for the charges?

Commonwealth's Brief at 1.

In its first issue presented, the Commonwealth argues that the trial court erred by granting Sabrina Allen's motion for suppression. Commonwealth's Brief at 12-20. Initially, the Commonwealth notes:

> In the instant case, the trial court concluded that the affidavit [in support of the issuance of a search warrant,] did not contain probable cause because the veracity of the information provided by Anthony Allen was suspect. The [trial] court noted that Anthony Allen was arrested while in possession of marijuana, attempted to distance himself from the contraband by claiming ignorance of the bag's contents, and shifted blame to the man who he had recently fought. The [trial] court held that Anthony Allen's condition and the damage to the door [of Apartment 319] suggested that an altercation took place there[,] but these facts indicate only that a fight took place and did not provide a substantial basis to conclude that illegal firearms and controlled substances would be found in the apartment.
>
> The [trial] court's analysis is not complete because the [trial] court did not examine the totality of the circumstances. The information from Anthony Allen was only a small part of the information related by police in the affidavit. The [trial] court disregarded the rest of the information in the affidavit.

Commonwealth's Brief at 15-16. More specifically, the Commonwealth posits that an identified informant, a confirmed neighbor, told police that she saw a

physical altercation outside of her apartment door, heard someone say they had a gun, and witnessed a white pickup truck leaving the scene. *Id.* at 16. Police corroborated this information when they found the door to the subject apartment forcefully damaged and ajar and Anthony Allen "showed obvious signs that he had been in a fight." *Id.* at 17. Police stopped Anthony Allen in a vehicle matching the neighbor's description. *Id.* Anthony Allen and Sabrina Allen admitted that they had just left Apartment 319 after Anthony Allen and Thurman Allen physically fought. *Id.* Additionally, the Commonwealth argues that when police smelled marijuana emanating from truck, there was probable cause to search the vehicle. *Id.* at 17. When the police did not recover a firearm during that search, the Commonwealth maintains it was reasonable to suspect a gun remained inside the apartment. *Id.* at 19. Thus, the Commonwealth posits that,

> [w]hether [Thurmond Allen gave Anthony Allen] the marijuana, or, as is more likely[, Anthony Allen] forcibly took the marijuana, the fact remains that police had probable cause to believe as follows:
>
>> [Anthony Allen] just left Apartment 319; there was a fight with a gun in Apartment 319; there was no gun in the truck; the man in the fight was in possession of a large amount of marijuana; the duffle bag of marijuana was easily transported; and [Anthony Allen] claimed he received the marijuana from a resident of that apartment.

*Id.* at 18-19.

Our standard of review in addressing a challenge to the suppression court's granting of a suppression motion is well settled:

When the Commonwealth appeals from a suppression order, we follow a clearly defined standard of review and consider only the evidence from the defendant's witnesses together with the evidence of the prosecution that, when read in the context of the entire record, remains uncontradicted. The suppression court's findings of fact bind an appellate court if the record supports those findings. The suppression court's conclusions of law, however, are not binding on an appellate court, whose duty is to determine if the suppression court properly applied the law to the facts.

Our standard of review is restricted to establishing whether the record supports the suppression court's factual findings; however, we maintain *de novo* review over the suppression court's legal conclusions.

With regard to search warrants, we have explained the following.

It is well-established that for a search warrant to be constitutionally valid, the issuing authority must decide that probable cause exists at the time of its issuance, and make this determination on facts described within the four corners of the supporting affidavit, and closely related in time to the date of issuance of the warrant. It is equally well established that a reviewing court [must] pay great deference to an issuing authority's determination of probable cause for the issuance of a search warrant. Moreover, our Supreme Court has recognized that affidavits supporting search warrants normally are prepared by nonlawyers in the midst and haste of a criminal investigation, and, accordingly, said affidavits, should be interpreted in a common sense and realistic fashion rather than in a hypertechnical manner.

\* \* \*

In short, probable cause exists when, based upon a totality of the circumstances set forth in the affidavit of probable cause, there is a fair probability that evidence of a crime will be found in a particular place.

*Commonwealth v. Korn*, 139 A.3d 249, 252–254 (Pa. Super. 2016) (internal

citations and quotations omitted).  Further,

- 8 -

[i]n reviewing an issuing authority's decision to issue a warrant, a suppression court must affirm unless the issuing authority had no substantial basis for its decision. On appeal, [the appellate court] affirms the decision of the suppression court unless it commits an error of law or makes a factual finding without record support.

*Commonwealth v. Lyons*, 79 A.3d 1053, 1064 (Pa. 2013), *citing*

*Commonwealth v. Johnson*, 42 A.3d 10017, 1031 (Pa. 2012) and

*Commonwealth v. Briggs*, 12 A.3d 291, 320 (Pa. 2011).

Here, upon careful review of the uncontradicted facts and applicable law, we conclude the trial court erred by finding a lack of probable cause to support the search warrant at issue. More specifically, the trial court erred by focusing almost exclusively on Anthony Allen's veracity in granting suppression, instead of examining the totality of circumstances as set forth in the affidavit of probable cause as required. Officer Alexander did not blindly accept Anthony Allen's statements to establish probable cause as the trial court suggests. By their own admission, Anthony Allen **and** Sabrina Allen were leaving Apartment 319 immediately after a physical altercation. Sabrina Allen verified that she lived there with Thurmond Allen. A neighbor, who police directly interviewed, stated that she witnessed the fray and heard someone threaten to shoot someone else. Police corroborated the physical fight when they observed Anthony Allen's injuries and saw damage to the door of the apartment that he recently departed. When the police did not recover a firearm from one of the confirmed participants of the fight, Anthony Allen, it was reasonable for them to assume a gun was still in the apartment. Moreover, when police legally

recovered a large quantity of marijuana from Anthony Allen, who claimed it originated from the apartment at issue, it was reasonable for them to believe there was a fair probability of additional evidence of narcotics sales and/or illicit use inside the apartment. Such inference was reasonable regardless of the reason Anthony Allen gave for his receipt of the narcotics. In sum, when the police applied for the search warrant at issue, they knew that there was a physical altercation with the threat of a firearm and a large quantity of narcotics, all centered on a specific, corroborated apartment. Thus, there were separate and mutually confirmatory grounds for police to believe that a firearm and evidence of narcotics use or sale would be found in Apartment 319. Thus, under a totality of the circumstances as clearly set forth in the affidavit of probable cause, there was a fair probability that police would find evidence of a firearm and narcotics in Apartment 319. As such, we conclude that the trial court erred in suppressing the evidence found therein. Accordingly, we reverse the order granting suppression.

Next, the Commonwealth asserts that the trial court erred by granting *habeas* relief and quashing the criminal information against Sabrina Allen, because it established a *prima facie* case for all of the charges. Commonwealth's Brief at 20-29.

We review a decision to grant a pre-trial petition for a writ of *habeas corpus* by examining the evidence and reasonable inferences derived therefrom in a light most favorable to the Commonwealth. ***See***

- 10 -

***Commonwealth v. Dantzler***, 135 A.3d 1109, 1111 (Pa. Super. 2016).

Whether a *prima facie* case has been established is a question of law and our

review is plenary. ***Id.*** at 1112.

> Moreover, we have explained:
>
> At the pre-trial stage of a criminal prosecution, it is not necessary for the Commonwealth to prove the defendant's guilt beyond a reasonable doubt. A *prima facie* case exists when the Commonwealth produces evidence of each of the material elements of the crime charged and establishes probable cause to warrant the belief that the accused committed the offense. Further, the evidence must be considered in the light most favorable to the Commonwealth so that inferences that would support a guilty verdict are given effect.
>
> In addition, the evidence should be such that if presented at trial, and accepted as true, the judge would be warranted in allowing the case to go to the jury. The standard clearly does not require that the Commonwealth prove the accused's guilt beyond a reasonable doubt at this stage. [Furthermore,] the weight and credibility of the evidence is not a factor at this stage.

***Commonwealth v. Hilliard***, 172 A.3d 5, 10 (Pa. Super. 2017) (internal

citations, quotations, and original brackets omitted).

In this case, the Commonwealth charged Sabrina Allen with the

following prohibited acts under the Controlled Substance Act:

> (31) […] the possession of a small amount of marihuana only for personal use[.]
>
>              *          *          *
>
> For purposes of this subsection, thirty (30) grams of marihuana or eight (8) grams of hashish shall be considered a small amount of marihuana.
>
> (32) The use of, or possession with intent to use, drug paraphernalia for the purpose of planting, propagating,

cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packing, repacking, storing, containing, concealing, injecting, ingesting, inhaling or otherwise introducing into the human body a controlled substance in violation of this act.

35 P.S. § 780-113(31)-(32).

We have previously determined:

possession can be found by proving actual possession, constructive possession, or joint constructive possession. Where a defendant is not in actual possession of the prohibited items, the Commonwealth must establish that the defendant had constructive possession to support the conviction. Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. We have defined constructive possession as conscious dominion, meaning that the defendant has the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.

It is well established that, as with any other element of a crime, constructive possession may be proven by circumstantial evidence. In other words, the Commonwealth must establish facts from which the trier of fact can reasonably infer that the defendant exercised dominion and control over the contraband at issue.

***Commonwealth v. Parrish***, 191 A.3d 31, 36–37 (Pa. Super. 2018) (internal citations and quotations omitted). Additionally, our Supreme Court has recognized that "constructive possession may be found in one or more actors where the item in issue is in an area of joint control and equal access."

***Commonwealth v. Johnson***, 26 A.3d 1078, 1094 (Pa. 2011) (internal citation omitted).

As discussed earlier, it is undisputed that Sabrina Allen resided at the subject apartment and had just left there. There was nothing indicating that only one resident had sole access to the seized bong, grinder, and burnt marijuana roach recovered by police. Those items were found throughout the apartment where both Sabrina and Thurmond Allen had access. Thus, we conclude that the Commonwealth presented *prima facie* evidence of the possessory narcotics charges against Sabrina Allen.

To establish a conspiracy, "the Commonwealth must establish that the defendant (1) entered an agreement to commit or aid in an unlawful act with another person or persons, (2) with a shared criminal intent and, (3) an overt act was done in furtherance of the conspiracy." **Commonwealth v. Ruiz**, 819 A.2d 92, 97 (Pa. Super. 2003) (internal citation omitted). "This overt act need not be committed by the defendant; it need only be committed by a co-conspirator." **Id.** Factors considered in determining the existence of a conspiracy include evidence of an association between alleged co-conspirators, knowledge of the commission of a crime, and presence at the crime scene. **Id.** (citations omitted). Moreover, we have previously determined that the same evidence establishing joint constructive possession of a controlled substance may also support a finding of a conspiracy to possess it. **See Commonwealth v. Kitchener**, 506 A.2d 941, 946 (Pa. Super. 1986). Here, we conclude that the Commonwealth's evidence of joint constructive possession also supports a *prima facie* showing of conspiracy charges against

Sabrina Allen. For all of the foregoing reasons, we conclude that the trial court erred by granting *habeas* relief and quashing the criminal information in this matter.[7]

Orders reversed. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/7/18

---

[7] We note that the trial court states that Sabrina Allen was "charged with conspiring with **Anthony Allen** to use or possess the contraband that was discovered in the apartment." Trial Court Opinion, 1/24/2018, at 5 (emphasis added). Upon review, the criminal information filed by the Commonwealth does list Sabrina Allen's co-conspirator as Anthony Allen, rather than Thurmond Allen. However, despite the discrepancy, as discussed above, the Commonwealth provided *prima facie* evidence of a conspiracy between the co-residents of the apartment. A criminal information may be amended "when there is a defect in form, the description of the offense(s), the description of any person or any property, or the date charged, provided the information as amended does not charge an additional or different offense." Pa.R.Crim.P. 564.