394 A.2d 535

**COMMONWEALTH of Pennsylvania**

v.

**Bruce E. WARD, Appellant.**

Supreme Court of Pennsylvania.

Argued Sept. 22, 1978.

Decided Nov. 18, 1978.

Michael R. Cauley, Asst. Public Defender, Erie, for appellant.

Robert H. Chase, Dist. Atty., Frank J. Scutella, Asst. Dist. Atty., Erie, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

MANDERINO, Justice.

On September 12, 1977, appellant, Bruce E. Ward, pleaded guilty before the Court of Common Pleas of Erie County to a charge of murder. Pursuant to Pennsylvania Rule of

Criminal Procedure 352(a), the prosecution certified to the court that the degree of guilt of the homicide charge rose no higher than murder in the second degree. Additionally, the prosecution agreed, subject to court approval, to dismiss the information charging appellant with rape, and to nolle pros informations charging appellant with various counts of theft and criminal trespass.

On November 1 and 3, 1977, testimony as to the degree of guilt was heard, and on November 16, 1977, the court rendered a verdict of guilty of murder in the second degree and imposed sentence of life imprisonment. Immediately following imposition of sentence, appellant's trial counsel presented a "Petition to Withdraw Guilty Plea/Reconsider Degree of Guilt" on appellant's behalf. That petition was refused by the Court without a hearing.

Two days later, on November 18, 1977, appellant's trial counsel was granted leave to withdraw and present counsel was appointed to represent appellant on appeal.

Appellant now argues, as he did in the petition filed with the court below, that the evidence adduced at the degree of guilt hearing was insufficient to sustain the trial court's finding of guilt of murder in the second degree, but was sufficient to convict only of murder in the third degree. Appellant now argues that the on-the-record guilty plea colloquy conducted prior to the court's acceptance of appellant's plea of guilty to the charge of murder was deficient for failing to demonstrate that appellant was aware of one of the elements on the right to a trial by jury, i. e.: the requirement of a unanimous verdict. Appellant's new counsel also raises several issues which were not raised below. Additionally, appellant argues that his guilty plea was invalid because it was induced by the improper conduct of his trial counsel who, it is alleged, advised appellant that if he pleaded not guilty and stood trial, he would be found guilty of murder in the first degree and would be sentenced to death.

 We agree that the on-the-record colloquy conducted prior to the trial court's acceptance of the guilty plea failed to satisfy the requirements of Pa.R.Cr.P. 319. Because this issue is dispositive there is no need to discuss other issues raised. We therefore reverse the judgment of sentence and remand the matter for further proceedings consistent with this opinion.

 It should by now be clear without any doubt that in Pennsylvania certain information must appear on the record before we will uphold the waiver of constitutional rights entailed in a plea of guilty to criminal charges. As we said in *Commonwealth v. Morales*, 458 Pa. 18, 20, 326 A.2d 331, 332 (1974),

> "[a] guilty plea constitutes a waiver of constitutional rights, and if one does not understand those rights or the consequences of waiving those rights, the plea cannot stand."

In *Commonwealth v. Williams*, 454 Pa. 368, 373, 312 A.2d 597, 600 (1973), we delineated the "essential ingredients of a jury trial which are necessary to understand the significance of [that] right . . . ." *Williams* held that before a purported waiver of the right to a trial by jury may be said to be valid, the record must show that the defendant understood that the jurors would be chosen from members of the community, that the accused would be able to participate in their selection, *and that any verdict which the jury might render would have to be unanimous.*

Appellant argues that by pleading guilty he gave up his right to a jury trial without having first been adequately made aware of the nature of that right. The prosecution on the other hand, contends that the record of the colloquy conducted prior to the trial court's acceptance of appellant's plea demonstrates that appellant was informed of the "essential ingredients" of a jury trial established by *Williams, supra.* In support of this position, the prosecution cites the following portion of the guilty plea colloquy:

> "THE COURT: Now, do you understand that you have a right to a trial by jury?

[APPELLANT]: Yes, sir.

THE COURT: Even though you may have been there, you may have done some of these things, you have a right to a trial by jury. Particularly in a homicide case, you have a right to have the jury determine the degree of guilt if you are guilty. You understand that?

[APPELLANT]: Yes, sir.

THE COURT: *And in a trial by jury, your guilt or innocence would be determined by twelve citizens of Erie County,* and you would be able to participate with your counsel in the selection of that jury. Do you understand that?

[APPELLANT]: Yes, sir." (Emphasis supplied by the prosecution.)

The prosecution does not point to any other explanation of the right to a jury trial, and our examination of the record indicates that the portion of the colloquy quoted above contains all that was said to appellant regarding the elements of that right.

According to the prosecution's brief filed in this case, the above quoted portion of the colloquy shows that

"the court explained to the defendant his right to be tried by a jury and that their verdict must be unanimous, in every-day language and simplified form.

'THE COURT: And in a trial by jury, your guilt or innocence would be determined by twelve citizens of Erie County . . .'

In other words, 'your guilt would be determined by twelve citizens or your innocence would be determined by twelve citizens.'" (Prosecution's brief, p. 8).

We do not agree. The language used by the court in this case is almost identical to the language held in *Commonwealth v. Williams, supra,* to be inadequate to convey to an accused the essential elements of the right to a trial by jury. In *Williams,* the prosecution had also contended that the court had adequately informed the accused of his right to a jury trial. The record in *Williams* revealed the following colloquy:

58

" 'Q. [By the Court] Now at that time when you were called up to the bar of the court, you knew what a jury was, did you not?

A. I never had a jury trial before.

Q. I understand that, but you knew a jury consisted of twelve people who determined your guilt or innocence, is that correct?

A. Correct.

Q. [It was also] explain[ed] to you that if you wanted, you could have that kind of a trial with twelve people to decide your guilt or innocence, didn't you hear the Judge say that to you?

A. (No response).

Q. Didn't you hear the Judge say that to you?

A. Yes.' "

454 Pa. 368, 371, ft.n. 4, 312 A.2d 597, 599, ft.n. 4. Based on this colloquy, the *Williams* court concluded that,

"the record on its face, . . . does not justify the finding of a knowing and intelligent waiver. All that the record reveals is appellant's knowledge that he could have a trial in which twelve men decide his guilt or innocence. Nowhere on the record is there any indication that he knew the essential ingredients of a jury trial which are necessary to understand the significance of the right he was waiving."

*Id.*, 454 Pa. at 373, 312 A.2d at 600. (Footnote omitted.)

Likewise, in the instant case, the trial court's explanation did no more than inform appellant that if he chose to exercise his right to a jury trial, his guilt or innocence would be decided by twelve persons. Nowhere in the record of this case is there any indication that appellant was told that in order to convict, *all twelve* of those jurors must be convinced beyond a reasonable doubt.

The trial court's failure to comply with the mandate of Pa.R.Cr.P. 319 requires the reversal of the judgment of sentence.

Judgment of sentence is reversed, and a new trial is granted.

EAGEN, C. J., filed a dissenting opinion.

POMEROY and LARSEN, JJ., dissent.

EAGEN, Chief Justice, dissenting.

I refused to accept the reasoning of the majority in *Commonwealth v. Morales*, 458 Pa. 18, 326 A.2d 331 (1974) and in *Commonwealth v. Williams*, 454 Pa. 368, 312 A.2d 597 (1973) and will continue to refuse to join in any decision which reverses a plea of guilty solely on super-technical grounds.

Instantly, it is undisputed Ward knew he had the right to have his guilt determined by a jury if he chose and with this knowledge he elected to throw himself on the mercy of the court. When the sentence was more severe than he hoped for, he then decided he might have fared better with a jury and proceeded to interpose a challenge to his guilty plea, which the majority of this Court now sustains.

It should also be noted that Rule 319(a) of the Pennsylvania Rules of Criminal Procedure, which sets forth the requirements of a valid guilty plea colloquy, *does not* require that the defendant be informed that if he chooses a jury trial "the verdict which the jury might render would have to be unanimous." The decision in this case and others of the same ilk are extending the requirements of the Rule. Also, compare the guilty plea colloquy here with that in *Commonwealth v. Martin*, 445 Pa. 49, 282 A.2d 241 (1971) where the colloquy was ruled adequate and the validity of the plea was sustained.

However, my reading of the record compels serious reservations as to the sufficiency of the evidence to establish beyond a reasonable doubt the commission of a forcible rape. I therefore would vacate the judgment of sentence and remand the case to the trial court for a new determination of the degree of guilt.