441 A.2d 1336

**COMMONWEALTH of Pennsylvania**

v.

**James Earl TROOP, Appellant.**

Superior Court of Pennsylvania.

Argued March 16, 1981.

Filed Feb. 26, 1982.

John A. Bozza, Erie, for appellant.

Paul J. Susko, Assistant District Attorney, Erie, for Commonwealth, appellee.

Before PRICE, BROSKY and MONTEMURO, JJ.

MONTEMURO, Judge:

This is an appeal from an Order denying appellant's petition to withdraw his guilty plea nunc pro tunc. Appel-

lant pled guilty to one count of Burglary[1] on May 9, 1977 and was sentenced to a term of seven (7) to eighteen (18) years imprisonment.

Appellant contends that his guilty plea colloquy was defective in that he wasn't informed of the specific elements of his right to a jury, that the accused would be able to participate in their selection, and that the verdict of the jury would have to be unanimous. The Commonwealth contends that the inclusion of these statements in a guilty plea colloquy was not necessary under the state of the law at the time of appellant's plea. We agree with appellant and reverse.[2]

In *Commonwealth v. Ward*, 483 Pa. 53, 394 A.2d 535 (1978), our Supreme Court stated that an inquiry into these elements of a jury trial was necessary to ensure a valid guilty plea colloquy. This case was decided after appellant's guilty plea in 1977. However, in *Commonwealth v. Ward, id.*, the Court cited its decision in *Commonwealth v. Williams*, 454 Pa. 368, 312 A.2d 597 (1973) in support of their position, stating

> *Williams* held that before a purported waiver of the right to trial by jury may be said to be valid, the record must show that the defendant understood that the jurors would be chosen from members of the community, that the accused would be able to participate in their selection, and that any verdict which the jury might render would have to be unanimous. *Supra* [483 Pa.] at 56, 394 A.2d at 536.

The clear implication of *Commonwealth v. Ward, supra,* is that the inquiry into these rights was necessary since the decision in *Commonwealth v. Williams, supra.*

Moreover, in *Commonwealth v. Dello Buono*, 271 Pa.Super. 572, 414 A.2d 631 (1979), the Court, citing *Commonwealth v. Ward, supra,* found a 1975 guilty plea colloquy invalid for a similar defect. *Commonwealth v. Dello Buono,*

---

1. 18 Pa.C.S.A. § 901.

2. Appellant also raises another argument. Because of our disposition of the case, we will not address that argument.

*supra*, in effect, construes *Commonwealth v. Ward, supra* retroactively.

For the foregoing reasons, we find that appellant's guilty plea colloquy was defective. The Order of the lower court is reversed and a new trial is ordered.