447 A.2d 963

COMMONWEALTH of Pennsylvania

v.

Steven WILLIAMS a/k/a Kenneth Coleman, Appellant.

Superior Court of Pennsylvania.

Submitted March 21, 1980.

Filed July 2, 1982.

Petition for Allowance of Appeal Denied Oct. 8, 1982.

272

Ronald F. O'Driscoll, Assistant Public Defender, Lansdale, for appellant.

Ronald T. Williamson, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before PRICE, CAVANAUGH and WATKINS, JJ.

CAVANAUGH, Judge:

This is an appeal from an order of the Court of Common Pleas of Montgomery County denying appellant relief under the Post Conviction Hearing Act (PCHA).[1]

Appellant pleaded to various counts of robbery,[2] theft,[3] weapons offenses[4] and criminal conspiracy[5] before the Honorable Benjamin Scirica on July 16, 1975.[6] Under a plea agreement, the Commonwealth nolle prossed charges of prohibited offensive weapons, receiving stolen property and other charges. Appellant was sentenced pursuant to the plea agreement to not less than five (5) nor more than fifteen (15) years imprisonment and ordered to pay the costs of prosecution. No motion to withdraw the guilty plea was filed and no direct appeal was taken.

Appellant filed a pro se PCHA petition claiming the ineffectiveness of counsel for failure to object to the imposition of costs. The lower court appointed counsel but denied the petition the following day. On appeal, this court found that though the petition was patently frivolous, the lower court should have afforded the appellant and his appointed counsel an opportunity to amend his uncounseled petition. *Commonwealth v. Williams*, 266 Pa.Super. 118, 403 A.2d 122 (1979). Appellant filed an amended petition which the lower court denied and this appeal followed.

Appellant contends that trial counsel was ineffective for failing to object to the defective guilty plea colloquy which failed to adequately inform the appellant of his right to a

1. Act of January 25, 1966, P.L. 1580 (1965), § 1 et seq., 19 P.S. 1180–1 et seq., *repealed* § 2(a) [1397] of Act 1978, April 28, P.L. 202, No. 53, to take effect June 27, 1980, *reinstated* Act of June 26, 1981, No. 41 § 1, to June 27, 1982.

2. 18 Pa.C.S.A. § 3701.

3. 18 Pa.C.S.A. § 3901.

4. 18 Pa.C.S.A. § 6101 et seq.

5. 18 Pa.C.S.A. § 903.

6. These charges arose out of the holdup of a hardware store in the English Village Shopping Center in North Wales on July 24, 1974.

jury trial. *Commonwealth v. Williams*, 454 Pa. 368, 312 A.2d 597 (1973). The Commonwealth contends that the guilty plea colloquy was adequate under the state of the law at the time of the appellant's guilty plea. *Commonwealth v. Brewer*, 479 Pa. 558, 388 A.2d 1071 (1978). We agree with the appellant and accordingly, reverse the order of the court below.[7]

The pertinent portion of the guilty plea colloquy of July 16, 1975 was as follows:

You understand that you have the right to trial by court or trial before a jury, and if you went to trial before a jury, you could assist your attorney in selecting that jury. Do you understand that? (N.T. p. 9).

The question of whether counsel was ineffective for failing to object to the defective guilty plea is controlled by *Commonwealth v. Dello Buono*, 271 Pa.Super. 572, 414 A.2d 631 (1979). In that case the defendant pled guilty to various charges in May, 1975. During the guilty plea colloquy the defendant was not advised that the verdict of the jury must be unanimous. This Court held that the guilty plea was therefore defective and counsel ineffective since the record established no reasonable basis for failing to challenge the defect.

Moreover, in *Commonwealth v. Williams, supra*, decided two years prior to appellant's guilty plea, the Supreme Court held that the basic ingredients of a jury trial which are necessary to a knowing and intelligent waiver are the "requirements that the jury be chosen from the community (a jury of one's peers), that the verdict be unanimous, and that the accused be allowed to participate." *See* Pa.R. Crim.P. 319. Comment.;[8] Pa.R.Crim.P. 1101.

7. Appellant also argues that he was not fully informed of the elements of the crimes with which he was charged. Because of our disposition of this case, we need not address that argument.

8. It is difficult to formulate a comprehensive list of questions a judge must ask of a defendant in determining whether the judge should accept the plea of guilty. Court decisions constantly add areas to be encompassed in determining whether the defendant understands the

In *Commonwealth v. Ward,* 483 Pa. 53, 394 A.2d 535 (1978), our Supreme Court stated that an inquiry into these elements of a jury trial was necessary to ensure a valid guilty plea colloquy. This case was decided after appellant's guilty plea in 1977. However, in *Commonwealth v. Ward, id.,* the court cited its decision in *Commonwealth v. Williams,* (citation omitted) in support of their position, stating:

*Williams* held that before a purported waiver of the right to trial by jury may be said to be valid, the record must show that the defendant understood that the jurors would be chosen from members of the community, that the accused would be able to participate in their selection, and that any verdict which the jury might render would have to be unanimous. *Supra,* 483 Pa. at 56, 394 A.2d at 536.

The clear implication of *Commonwealth v. Ward, supra,* is that the inquiry into these rights was necessary since the decision in *Commonwealth v. Williams, supra.*

Moreover, in *Commonwealth v. Dello Buono,* (citation omitted), the court, citing *Commonwealth v. Ward, supra,* found a 1975 guilty plea colloquy invalid for a similar defect. *Commonwealth v. Dello Buono, supra,* in effect, construes *Commonwealth v. Ward, supra,* retroactively.

full impact and consequences of his plea, but is nevertheless willing to enter that plea. However, at a minimum the judge should ask questions to elicit the following information:

(1) Does the defendant understand the nature of the charges to which he is pleading guilty?

(2) Is there a factual basis for the plea?

(3) Does the defendant understand that he has the right to trial by jury?

(4) Does the defendant understand that he is presumed innocent until he is found guilty?

(5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?

(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

Inquiry into the above six areas is mandatory during a guilty plea colloquy, under *Commonwealth v. Willis,* 471 Pa. 50, 369 A.2d 1189 (1977), and *Commonwealth v. Dilbeck,* 466 Pa. 543, 353 A.2d 824 (1976).

*Commonwealth v. Troop*, 295 Pa.Super. 485, 486–87, 441 A.2d 1336, 1337 (1982).

 Thus contrary to the Commonwealth's argument, the guilty plea colloquy was inadequate in 1975. "[A] colloquy must indicate, at a minimum, that the defendant knew the essential protections inherent in jury trial...." *Commonwealth v. Fortune*, 289 Pa.Super. 278, 282–83, 433 A.2d 65, 67 (1981), quoting *Commonwealth v. Morin*, 477 Pa. 80, 383 A.2d 832 (1978). Since the guilty plea colloquy failed to inform the appellant of his right to a jury trial and the record establishes no reasonable basis for trial counsel's failure to challenge the inadequate colloquy, the order of the lower court is reversed and a new trial is ordered.

Reversed.