497 A.2d 655

**COMMONWEALTH of Pennsylvania**

v.

**John LUCIANO, Appellant.**

Superior Court of Pennsylvania.

Argued June 20, 1985.

Filed Aug. 23, 1985.

Charles J. Conturso, Morrisville, for appellant.

Christopher J. Serpico, Assistant District Attorney, Doylestown, for Commonwealth, appellee.

Before MONTEMURO, POPOVICH and WATKINS, JJ.

WATKINS, Judge:

The appellant in this appeal, John Luciano, appeals from a summary conviction before a District Justice for violations of 75 P.S. § 1543(b), Driving While Under Suspended License related to driving under the influence and related summary offenses. These charges resulted in his place-

ment within the Bucks County Accelerated Rehabilitative Disposition Program on September 22, 1983 and the suspension of his operating privileges for thirty (30) days on October 31, 1983. On November 23, 1983, the appellant was stopped and issued a citation for driving under suspended license—DUI related. The appellant appeared pro se before the magistrate and was found guilty. He was sentenced to ninety (90) days in prison and to pay a fine of $1,000.00 for this summary offense. Subsequently appellant appealed to the Court of Common Pleas of Bucks County for a trial de novo. By order dated November 20, 1984, following the trial de novo, the lower court dismissed the appeal. This appeal followed.

■ Initially, it must be stated that the appellant was neither informed of his right to file post-verdict motions under Pa.R.Crim.Pro. 1123, nor did he file such motions. *Commonwealth v. Koch*, 288 Pa.Superior Ct. 290, 431 A.2d 1052 (1981). More importantly, however, the Common Pleas judge never imposed judgment of sentence. The order in question only dismissed the appeal. In *Commonwealth v. Nugent*, 291 Pa.Superior Ct. 421, 435 A.2d 1298 (1981), this Court held that dismissal of a de novo appeal from a summary conviction does not affirm the sentence imposed by the district justice, even where that sentence is required by statute. Entry of the judgment of sentence is essential to appealability.

■ Because the trial court failed to adjudicate appellant guilty or not guilty and also failed to impose judgment of sentence, the November 20, 1984 order is reversed and remanded to the lower court with instructions to enter a finding of guilty or not guilty, and if guilty, to impose sentence. *Commonwealth v. Morgenthaler*, 320 Pa.Superior Ct. 120, 466 A.2d 1091 (1983); *Commonwealth v. Gula*, 300 Pa.Superior Ct. 445, 446 A.2d 938 (1982).

Order reversed and remanded in accordance with this opinion. Jurisdiction relinquished.