512 A.2d 699

**COMMONWEALTH of Pennsylvania,**

v.

**Andrew L. GUMPERT, Appellant.**

Superior Court of Pennsylvania.

Argued April 8, 1986.

Filed July 18, 1986.

William T. Wilson, Pittsburgh, for appellant.

Edward J. Greene, Assistant District Attorney, West Chester, for Com. appellee.

Before CIRILLO, President Judge, and ROWLEY and WIEAND, JJ.

CIRILLO, President Judge:

Appellant Andrew L. Gumpert was charged with driving under the influence of alcohol, 75 Pa.C.S. § 3731. He was initially tried before a jury, but no judgment resulted because the jurors could not reach a unanimous decision. A subsequent bench trial resulted in his conviction. On appeal, appellant challenges the conviction on the ground that prior to his bench trial there was no colloquy between the judge and himself to establish that he knowingly waived his right to a trial by jury.

Initially, we must consider a procedural shortcoming in the manner in which this appeal was taken. Appellant has captioned it as an appeal from the order denying his post-trial motions. The Commonwealth urges that insofar as such appeals must be taken from the final judgment of sentence, the present appeal must be dismissed as interlocutory.

If parties were to appeal from every trial court decision as it was made in the course of a case, such a "shotgun" approach to appellate review would swell our dockets and might even create the possibility of inconsistent decisions related to the same trial. Thus, there exists a

long standing rule that parties must wait until a final decision is rendered, after which they may air their grievances in a single orderly appeal. In the criminal context, it is the judgment of sentence which marks the completion of the trial court proceedings, and accordingly (with certain carefully delineated exceptions), a judgment of sentence is a prerequisite to appealability. *Commonwealth v. Luciano*, 345 Pa.Super. 83, 497 A.2d 655 (1985); *Commonwealth v. Reagan*, 330 Pa.Super. 417, 479 A.2d 621 (1984); *Commonwealth v. Smith*, 322 Pa.Super. 389, 469 A.2d 676 (1983). Indeed, in reviewing a decision from the 3rd Circuit, the Supreme Court of the United States recently recognized the importance of this rule in *Flanagan v. United States*, 465 U.S. 259, 263–264, 104 S.Ct. 1051, 1054, 79 L.Ed.2d 288, 293–294 (1984):

> The final judgment rule serves several important interests. It helps preserve the respect due trial judges by minimizing appellate-court interference with the numerous decisions they must make in the pre-judgment stages of litigation. It reduces the ability of litigants to harass opponents and to clog the courts through a succession of costly and time-consuming appeals. It is crucial to the efficient administration of justice.

■ We are satisfied that in the present case the error is purely one of form and not substance, and therefore cannot possibly be in contravention of the principles just set forth. The appeal is *captioned* as being from an interlocutory order, but it is clear that the case had been fully and finally resolved when the appeal was taken; the notice of appeal and judgment of sentence were entered on the docket on the same day. Thus, any and all trial court errors that might exist could be considered on this single appeal. Accordingly, we will not deem appellant's error fatal. This is not to say we are indifferent to the proper captioning of appeals, but only that justice is best served by proceeding to the merits of the case.

It is undisputed that prior to the bench trial appellant was given no jury waiver colloquy pursuant to Pa.R.Crim.P.

1101.  Appellant maintains that it is the duty of the trial court to engage in a colloquy with the accused which demonstrates a knowing and intelligent waiver of the right to a trial by jury, and that failure to provide such a colloquy is reversible error.  The Commonwealth urges that insofar as no objection was made to the absence of a colloquy until post-trial motions, appellant has waived any challenge to the trial court's failure to comply with Rule 1101.  On this point, appellant contends such error is not of the type subject to waiver for failure to object at trial.

Whether a contemporaneous objection must be made to the absence of a waiver-of-jury-trial colloquy is an issue which has not been often addressed.[1]  Whereas in this case, trial counsel is raising the issue on appeal, more often when the issue is presented for our consideration, it is argued by new counsel who primarily urges the ineffectiveness of trial counsel for never raising the issue at all;  it is couched in terms of trial counsel's failure to address the possible colloquy deficiency post-trial, without referring to any earlier opportunity to make an objection on the same point.  *See, e.g., Commonwealth v. Easley,* 341 Pa.Super. 381, 491 A.2d 868 (1985);  *Commonwealth v. Carson,* 503 Pa. 369, 469 A.2d 599 (1983);  *Commonwealth v. King,* 317 Pa.Super. 196, 463 A.2d 1152 (1983);  *Commonwealth v. Williams,* 301 Pa.Super. 271, 447 A.2d 963 (1982);  *Commonwealth v. Fortune,* 289 Pa.Super. 278, 433 A.2d 65 (1981);  *Commonwealth v. Jones,* 272 Pa.Super. 444, 416 A.2d 539 (1979).  Thus, since the decisions which follow such arguments similarly discuss the ineffectiveness in relation to the absence of a post-trial motion, the implication arose that it is enough to raise the issue for the first time in post-trial

1.  Judge Wieand notes that we are entitled to consider matters beyond the colloquy itself in determining the validity of a waiver, and that the circumstances here, taken as a whole, clearly demonstrate a knowing waiver.  Thus, he suggests we need not address whether the absence of or a defect in such a colloquy must be objected to at trial.  By our view, however, logic dictates that we can consider nothing, within the colloquy or beyond it, until we find the issue properly preserved for appellate review.

motions. *See, e.g., Commonwealth v. Morin,* 477 Pa. 80, 383 A.2d 832 (1978).

We are aware of no case, however, which holds expressly that no contemporaneous objection need be made to a faulty (or, as here, completely omitted) colloquy. In our view, such a holding would be contrary to Pa.R.Crim.P. 1123(a), which limits post-trial motions to those matters addressed in pre-trial proceedings or at trial. Apparently cognizant of the broad scope of Rule 1123, appellant alternately urges his point from a slightly different angle: if counsel is forced to urge compliance with Rule 1101 prior to trial in the accused's presence, the deficiency will be cured because the accused will at that time be made aware of the Rule 1101 mandates. In all candor we find this argument shocking. What counsel is really arguing is that curing the defect when it arises is to be avoided because he will then have one less arrow in his quiver with which to attack the proceedings on appeal. Counsel attempts to soften this position by asserting that in fact the defect *cannot* be cured in the presence of the defendant if there is ever to be any appellate review of the issue because if it is cured there will be nothing for us to consider. In light of the seemingly endless flow of cases on our docket, we only wish that more problems could be so easily resolved. When the *accused* 's interests are placed in the forefront, it is far better to cure the error at trial and never resort to an appeal at all. We are at a loss as to where counsel derives his supposition that there *should* be some appellate review of the matter simply for its own sake. In any event, history tells us that counsel can rest assured that even if objected to at trial, Rule 1101 deficiencies will nonetheless require appellate review from time to time. A case where the deficiency can be cured, however, cannot and should not be among these.

As a corollary, counsel maintains that to place the burden on *him* to make an objection at trial improperly shifts the burden away from the trial judge, who in counsel's view is unilaterally saddled with the obligation of providing an adequate colloquy. At a minimum, this position ignores the

many cases which have considered *counsel*'s ineffectiveness in not securing an adequate colloquy.

In *Commonwealth v. Greene*, 483 Pa. 195, 198–199, 394 A.2d 978, 979–98 (1978), Justice Pomeroy, joined by Justice Larsen, recognized in a dissenting opinion that contrary to appellant's position, it is *not* the judge's duty alone to provide a proper colloquy, thus making a contemporaneous objection proper:

> Now ... that there is virtually a prescribed content to the colloquy which must precede acceptance of a jury trial waiver, I suggest that objections to the sufficiency or accuracy of the colloquy should initially be raised at the time of the colloquy and before the non-jury trial has been conducted. I am mindful of the fact that Pa.R. Crim.P. 1101 as interpreted by the *Morin* decision [supra] places upon the trial judge the obligation of seeing to it not only that the colloquy relative to jury waiver shall "appear on the record," but also that the colloquy which appears on the record shall be sufficient to support the court's finding that the waiver is knowing and intelligent. This, however, is no different than any other duty a judge has to perform which may bear on a litigant's constitutional rights; we expect a judge to apply the law as it has been written—this is the trial judge's burden, as it were. But to say as much is not to relieve the trial lawyer of his obligation to call any mistakes of the trial judge to his or her attention at the earliest practicable time. The language of Justice Roberts' dissenting opinion in *Commonwealth v. Williams*, 432 Pa. 557, 570, 248 A.2d 301, 307 (1968) [failure to object to jury charge did not preclude appellate review because fundamental error involved], quoted with approval in *Commonwealth v. Clair*, 458 Pa. 418, 421, 326 A.2d 272, 273 (1974), is equally applicable here:
>
> > "The majority now—contrary to the whole course of modern trial procedure—encourages defense counsel to sit by silently without calling errors to the trial court's attention until *after* the guilty verdict is returned....

Where counsel fails to call errors to the attention of the trial judge, the majority ignores that deficiency and assumes the function of protecting those failures by granting relief despite the silence of counsel at trial." (Emphasis in original.)

The *Clair* court reasoned that "[t]he trial judge must be given an opportunity to rectify errors at the time they are made. As we have often said before: '[A] party may not remain silent and take chances on a verdict and afterwards complain of matters which, if erroneous, the Court would have corrected.' *Commonwealth v. Marlin,* 452 Pa. 380, 382, 305 A.2d 14, 16 (1973). *See also, Commonwealth v. Morgan,* 448 Pa. 494, 295 A.2d 77 (1972)." 458 Pa. at 421, 326 A.2d at 274.

To the extent that *Commonwealth v. Morin, supra,* suggested that objections to a jury trial waiver colloquy may be raised for the first time at post-verdict motions, I think it was mistaken; I would hold that such objections must be raised at the time of the colloquy in order to be preserved for appellate review. Since in the case at bar the first objection to the sufficiency of the colloquy was not taken until the post-trial motion stage, I think it came too late.

More recently, in *Commonwealth v. DeGeorge,* 506 Pa. 445, 455, 485 A.2d 1089, 1094 (1984), Chief Justice Nix conceded in a dissenting opinion that the Court in *Morin* erroneously overlooked the fact that a contemporaneous objection should have been made in order to preserve the issue; the post-trial motion, standing alone, should not have been enough.

■ In sum, there is the broad scope of Rule 1123(a), demanding an objection at trial; there is no case expressly carving an exception for jury waiver colloquies; any implication to that effect in *Morin* has been roundly rejected in dissenting opinions in *Greene* and *DeGeorge.* We are compelled to conclude that the waiver colloquy issue in the present case has been waived insofar as the trial court was denied the opportunity to correct the deficiency. Indeed,

the trial court in the present case was deliberately denied that chance when counsel intentionally remained silent concerning the shortcoming in an attempt to retain the error and thus have some basis for an appeal.

■ In any event, we observe that even if the issue were preserved, a colloquy deficiency does not automatically necessitate a new trial. In *DeGeorge* our Supreme Court held that the proper procedure in such instance is to remand only for an evidentiary hearing to determine whether the waiver was in fact knowing and intelligent. This conclusion was concurrent with the observation that evidence beyond the colloquy itself may be considered in examining the validity of a waiver. All relevant circumstances are to be taken into account. *See also, Commonwealth v. Herberg,* 306 Pa.Super. 245, 452 A.2d 536 (1982). In the present case, appellant has at no time maintained that he actually desired a jury for his retrial; his post-trial motions are silent in this regard as are the statement of questions and argument portions of his brief to this Court. Nor has appellant stated that as a matter of fact he does *not* understand the rights which are waived by foregoing a trial in front of his peers. His first trial was before a jury such that he was necessarily exposed to those factors unique to a jury trial that form the thrust of a jury waiver colloquy; at a minimum, the resulting mistrial made appellant acutely aware of his right to a unanimous verdict. These considerations would militate strongly against finding an unknowing or unintelligent jury waiver even if we were to remand for such a determination.

Order and judgment of sentence affirmed.

WIEAND, J., files a concurring opinion.

WIEAND, Judge, concurring:

The circumstances under which appellant elected to be tried by the court without jury in this case demonstrate clearly that appellant understood his right to trial by jury and that his waiver thereof was a voluntary and intelligent act. Indeed, his first trial on the same charge had been

aborted when the jury was unable to agree upon a unanimous verdict. Therefore, I agree with the majority that the judgment of sentence should be affirmed. See: *Commonwealth v. DeGeorge,* 506 Pa. 445, 485 A.2d 1089 (1984) (court may consider circumstances outside record colloquy in determining validity of waiver).

I do not join the majority's decision that Pa.R.Crim.P. 1123(a) requires, as a general rule, a contemporaneous objection to the absence of a waiver-of-jury trial colloquy or to a defective colloquy in order to preserve the issue for post-trial review. Indeed, in *Commonwealth v. Morin,* 477 Pa. 80, 383 A.2d 832 (1978), a majority of the Supreme Court suggested otherwise.