J-A07012-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| IAN CHRISTOPHER ANDERSON | : | |
| | : | |
| Appellant | : | No. 820 MDA 2020 |

Appeal from the Judgment of Sentence Entered July 6, 2018
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0004279-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| IAN CHRISTOPHER ANDERSON | : | |
| | : | |
| Appellant | : | No. 821 MDA 2020 |

Appeal from the Judgment of Sentence Entered July 6, 2018
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0004278-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| IAN CHRISTOPHER ANDERSON | : | |
| | : | |
| Appellant | : | No. 822 MDA 2020 |

Appeal from the Judgment of Sentence Entered July 6, 2018
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0004280-2016

BEFORE: BOWES, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BOWES, J.: **FILED: JUNE 8, 2021**

Ian Christopher Anderson appeals *nunc pro tunc* from his July 6, 2018 judgment of sentence of eleven and one-half to twenty three years of incarceration, which was imposed after he was convicted at a stipulated non-jury trial of numerous offenses related to firearms, drugs, and child pornography. We affirm.

This Court previously summarized the underlying factual history of Appellant's case, which is as follows:

> On July 9, 2014, Probation Officers Christian Deardoff and Dana Flay conducted an unannounced home visit of Appellant's residence. He was serving a sentence of probation having been convicted in February 2014 of a charge of possession of drug paraphernalia. Appellant led the officers to his bedroom on the second floor of the residence. The officers saw, in plain view, a knife, a digital scale, and a gun. All of these items were contraband pursuant to the terms of Appellant's probation. The officers also saw a lockbox, which they described as being similar to a safety deposit box.

*Commonwealth v. Anderson*, 181 A.3d 1284 (Pa.Super. 2017) ("*Anderson I*") (unpublished memorandum at 1) (cleaned up). Appellant opened the lockbox at the officers' behest, which revealed additional drug paraphernalia and several "computer discs." *Id*. Appellant permitted the officers to view the contents of the digital storage devices on his laptop, which quickly revealed "nude images" of Appellant's girlfriend's minor daughter. *Id*.

_____

[*] Former Justice specially assigned to the Superior Court.

- 2 -

In connection with these events, Appellant was charged at docket number 4278-2016 with person not to possess, use, manufacture, control, sell or transfer firearms, sexual abuse of children, possession of child pornography, criminal use of a communication facility, invasion of privacy, possession of a small amount of marijuana, and possession of drug paraphernalia.  Respectively at docket numbers 4279-2016 and 4280-2016, Appellant was also charged with multiple additional counts of sexual abuse of children, criminal use of a communication facility, and invasion of privacy.

Prior to trial, Appellant sought to suppress the evidence discovered on the computer discs on various constitutional grounds.  Initially, the trial court excluded the evidence of child pornography on the grounds that the officers had violated Appellant's Fifth Amendment rights with respect to self-incrimination by subjecting him to the equivalent of a "custodial interrogation" without the benefit of warnings pursuant to ***Miranda v. Arizona***, 384 U.S. 436, 444 (1966).  ***See*** Order and Opinion, 2/24/17, at 7-11.

The Commonwealth took an interlocutory appeal to this Court, which reversed the trial court's suppression ruling and remanded for the trial court to reconsider Appellant's suppression arguments under the Fourth Amendment and its protections against unreasonable searches and seizures. ***See Anderson I***, ***supra*** at 2 (citing ***Commonwealth v. Benson***, 421 A.2d 383, 387 (Pa.Super. 1980) (holding that the Fourth Amendment applies to

physical evidence, while the Fifth Amendment applies to testimonial or communicative evidence)).

On remand, the trial court denied Appellant's suppression motion under the Fourth Amendment. Thereafter, Appellant requested a consolidated bench trial in all three of the above-captioned cases. **See** Order, 2/6/18, at 1-2. There is no indication in the transcripts of testimony that the trial court ever held a jury waiver colloquy. Furthermore, there is no written colloquy bearing Appellant's initials and signature present in the certified record. On April 3, 2018, the trial court conducted a bench trial. Appellant stipulated to the facts and evidence set forth by the Commonwealth, which included affidavits of probable cause, forensic reports, and a written statement from Appellant. **See** N.T. Bench Trial, 4/3/18, at 2-3. The trial court reviewed this evidence and found Appellant guilty of the above-noted offenses. Thereafter, the court sentenced Appellant to an aggregate term of eleven and one-half to twenty-three years of incarceration at all three cases.

Appellant filed a post-sentence motion challenging the trial court's suppression ruling, which the trial court promptly denied. On July 30, 2018, he filed a single notice of appeal to this Court listing all three of the relevant docket numbers associated with his criminal cases. On July 18, 2019, this Court quashed Appellant's first direct appeal pursuant to **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018). **See Commonwealth v. Anderson**, 220

A.3d 664 (Pa.Super. 2019) ("**Anderson II**") (unpublished judgment order at 1). Appellant did not appeal this holding to the Pennsylvania Supreme Court.

On January 15, 2020, Appellant filed a timely *pro se* petition for relief pursuant to the Post-Conviction Relief Act ("PCRA"), which alleged that appellate counsel's failure to file multiple notices of appeal in compliance with **Walker** constituted ineffective assistance of counsel. PCRA counsel was appointed to represent Appellant and a supplemental PCRA petition was filed. On May 19, 2020, the PCRA court reinstated Appellant's direct appellate rights due to appellate counsel's ineffectiveness. On June 11, 2020, Appellant filed the instant *nunc pro tunc* appeals.[1] Both he and the trial court have complied with their respective obligations pursuant to Pa.R.A.P. 1925.

Appellant has raised a single issue for our consideration: "Did the trial court err when it failed to conduct an on-the-record colloquy of Appellant pursuant to Pa.R.Crim.P. 620 regarding his waiver of the right to a jury trial and advising him that a stipulated bench trial was the functional equivalent of a guilty plea?" Appellant's brief at 7.

Rule 620 provides that in those cases where a defendant waives a jury trial in favor of a bench trial, "[t]he judge shall ascertain from the defendant whether this is a knowing and intelligent waiver, and such colloquy shall appear on the record." Pa.R.Crim.P. 620. The Pennsylvania Rules of Criminal

---

[1] On July 20, 2020, this Court consolidated these appeals *sua sponte*.

Procedure also require that "[t]he waiver shall be in writing, made a part of the record, and signed by the defendant, the attorney for the Commonwealth, the judge, and the defendant's attorney as a witness." ***Id***.

Before addressing its merits, we must assess whether Appellant has properly preserved this issue for our disposition. In general, claims concerning the validity of a jury waiver colloquy are subject to the principles of waiver. ***See***, ***e.g.***, ***Commonwealth v. Gumpert***, 512 A.2d 699, 701-03 (Pa.Super. 1986) (holding that where a defendant failed to object to the complete absence of a jury waiver colloquy before the trial court, the issue was waived "insofar as the trial court was denied an opportunity to correct the deficiency");[2] ***see also*** Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."). To the extent that these issues touch upon areas of constitutional concern, we note that even issues of "constitutional dimension" may not be raised for the first time on appeal. ***Commonwealth v. Strunk***, 953 A.2d 577, 579 (Pa.Super. 2008).

Our review of the transcripts of testimony and the certified record confirm that Appellant asserted this claim for the first time in his Rule 1925(b)

---

[2] This Court's holding in ***Commonwealth v. Gumpert***, 512 A.2d 699, 701-03 (Pa.Super. 1986) was largely predicated upon the language of Pa.R.Crim.P. 1123(a) and 1101, which have since been repealed. ***See*** Pa.R.Crim.P. 1100. Nonetheless, we find ***Gumpert*** remains instructive insofar as it identifies the utility of requiring defendants to raise issues related to jury waiver colloquies promptly and holds that such claims are not non-waivable under generally applicable procedural principles.

concise statement of errors complained of on appeal. Accordingly, we are constrained to conclude that Appellant has waived this issue.[3] **See** Pa.R.A.P. 302(a). Thus, we express no opinion on its merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/08/2021

---

[3] In two recent non-precedential cases, this Court found waiver in circumstances that are procedurally identical to the instant case. **See Commonwealth v. Butler**, 224 A.3d 763 (Pa.Super. 2019) (non-precedential decision at 5) (finding waiver under **Gumpert** and Rule 302 where the defendant "failed to object to the voluntariness of either his jury trial waiver or his stipulation to the Commonwealth's evidence, nor did he otherwise raise these issues in his post-sentence motions"); **Commonwealth v. Gore**, 224 A.3d 763 (Pa.Super. 2019) (non-precedential decision at 2) (same). While these cases are not binding, they do constitute "persuasive" authority pursuant to Pa.R.A.P. 126(b). Specifically, we cite them here for the proposition that **Gumpert** remains good law in Pennsylvania.