J-S27027-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JUSTINA DELVALLE-TORRES :
:
Appellant : No. 2211 EDA 2021

Appeal from the Judgment of Sentence Entered September 21, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003535-2019

BEFORE:  STABILE, J., NICHOLS, J., and SULLIVAN, J.

MEMORANDUM BY NICHOLS, J.:                **FILED NOVEMBER 14, 2022**

Appellant Justina Delvalle-Torres appeals from the judgment of sentence imposed following her convictions for aggravated assault, conspiracy to commit aggravated assault, possessing an instrument of crime (PIC), and simple assault.[1]  Appellant challenges the sufficiency and weight of the evidence, contends that the waiver of her right to jury trial was deficient, and asserts that trial counsel was ineffective.  We affirm.

The trial court summarized the factual history in this case as follows:

At or around 6:00 P.M. on April 23, 2019, Melvin Gonzalez (hereinafter "Mr. Gonzalez"), the father of Appellant's nephew, traveled to the home of Appellant's sister, Ashley Delvalle-Torres in Philadelphia to pick up his son in accordance with a pre-existing custody order.  When Mr. Gonzalez arrived at the residence, he encountered Appellant's sister, Jalissa Delvalle.  At this time, Mr. Gonzalez was verbally harassed by Jalissa Delvalle.  Following his

---

[1] 18 Pa.C.S. §§  2702(a), 903, 907(a), and 2701(a), respectively.

encounter with Jalissa Delvalle, Mr. Gonzalez received a phone call from Alexander Rivera (hereinafter "Mr. Rivera"). Mr. Gonzalez informed Mr. Rivera that Appellant's sister had threatened to have a group of men beat him up when he returned his son later that night. Mr. Rivera agreed to meet Mr. Gonzalez at the location where he would be dropping off his son.

At or around 8:00 P.M. on April 23, 2019, Mr. Gonzalez returned to Appellant's sister's residence with the intent [to] drop off his son. When Mr. Gonzalez arrived at the residence, he encountered a group of individuals waiting outside, consisting of Appellant, Appellant's mother, Appellant's two sisters, Appellant's sister's roommate, and three unknown males. Mr. Gonzalez testified that as soon as he exited the vehicle to retrieve his son from the rear passenger side of the car, the three unknown males approached, and an altercation immediately ensued. When Mr. Rivera arrived to meet Mr. Gonzalez, he observed Mr. Gonzalez in a brawl with three other males and was simply getting jumped. Upon becoming aware of the fight between the four men, Mr. Rivera attempted to break up the altercation and ultimately became involved in the fracas. During the altercation, Mr. Rivera testified that he tripped, fell, and tried to get back up. At this point, Mr. Gonzalez observed Appellant raise a bat over her head and strike Mr. Rivera in the head with the bat as he attempted to get up from the ground. The altercation ended after Mr. Rivera began to bleed from his head injury. Mr. Gonzales immediately drove Mr. Rivera to Jefferson Torresdale Hospital for treatment of his injuries.

Detective Bartol interviewed Mr. Rivera at the hospital, where he confirmed that as he was trying to break up the fight, he was hit on the left side of his head with a hard object. The hospital records show that Mr. Rivera was treated at Jefferson Torresdale Hospital for a subdural hematoma, left front orbital fracture, concussion, and laceration to scalp that required two stitches to close. Mr. Rivera was discharged from the hospital on or around April 25, 2019. However, Mr. Rivera returned to the hospital on April 29, 2019, stating that he had a seizure-like activity the night before and a fever for three days. Mr. Rivera was discharged from the hospital on April 30, 2019, with a prescription for seizure medication. Mr. Rivera had no prior history of seizures.

Trial Ct. Op., 1/11/22, at 2-4 (citations omitted and formatting altered).[2]

Following a non-jury trial, Appellant was found guilty of aggravated assault, conspiracy to commit aggravated assault, PIC, and simple assault. N.T., Trial , 2/10/21, at 96. On September 21, 2021, the trial court held Appellant's sentencing hearing. At the beginning of the hearing, Appellant made an oral motion for extraordinary relief pursuant to Pa.R.Crim.P. 704(b) and claimed that she obtained a new video of the altercation involving the attack on Mr. Rivera, and this video recording was clearer than the video shown at trial. N.T., 9/21/21, at 4. The Commonwealth responded that although this video may be clearer, it is the same video that was viewed at trial and does not amount to newly discovered evidence. *Id.* at 9. The trial court then viewed the video. *Id.* at 11. After watching the video, the trial court concluded that it did nothing to change its findings of fact, and the video provided the same information that was received at trial. *Id.* at 15. Accordingly, the trial court denied Appellant's motion for extraordinary relief. *Id.* The trial court proceeded to sentence Appellant to an aggregate term of eighteen to thirty-six months of incarceration, followed by three years of probation. Sentencing Order, 9/21/21, at 1-2.

---

[2] Appellant's sister, Ashley Delvalle-Torres was also charged and convicted as a result of her involvement in the April 23, 2019 incident and attack on Mr. Rivera. We address Ashley Delvalle-Torres' appeal separately in a memorandum filed at Superior Court docket 2330 EDA 2021.

Appellant filed a timely appeal on October 20, 2021. Both the trial court and Appellant complied with Pa.R.A.P. 1925.[3]

On appeal, Appellant presents the following issues:

A. Whether the evidence was insufficient to sustain the verdict of guilty because testimonial evidence was completely contradicted by incontrovertible video evidence which wholly exonerates [Appellant]?

B. Whether the verdict was against the weight of the evidence, where video evidence shows another individual committing the acts of which [Appellant] is accused?

C. Whether [Appellant] waived her right to a jury trial?

D. Whether [Appellant's] counsel at trial was ineffective for failing to call to testify an available fact witness?

E. Whether [Appellant's] counsel at trial was ineffective for failing to call to testify available fact witnesses where 1) the witnesses existed; (2) the witnesses were available; (3) trial counsel was informed of the existence of the witness or should have known of the witnesses' existence; (4) the witnesses were prepared to cooperate and would have testified on appellant's behalf; and (5) the absence of the testimony prejudiced [Appellant]?

F. Whether [Appellant's] counsel at trial was ineffective for failing to point out clearly for the trial court video evidence which contradicted in whole the government's case?

Appellant's Brief at 7-8.

_____

[3] On October 21, 2021, the trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within twenty-one days. Appellant filed a timely Rule 1925(b) statement on November 10, 2021. Appellant subsequently filed a separate Rule 1925(b) statement on November 23, 2021. However, these Rule 1925(b) statements are nearly identical, and we conclude that the issues Appellant presents in her brief were raised in the timely Rule 1925(b) statement filed on November 10, 2021.

## **Sufficiency of the Evidence**

In her first issue, Appellant contends that the evidence was insufficient to sustain the guilty verdicts. Appellant's Brief at 20-21. Appellant asserts that "incontrovertible physical facts" render the verdicts unreliable. *Id.*

It is well settled that when an appellant challenges the sufficiency of the evidence, the appellant's Rule 1925(b) statement must specify the element or elements upon which the evidence was allegedly insufficient in order to preserve the issue for appeal. *Commonwealth v. Gibbs*, 981 A.2d 274, 281 (Pa. Super. 2009). Here, Appellant not only failed to specify which elements she was challenging in her Rule 1925(b) statement, she also failed to specify which convictions she was challenging. Accordingly, we conclude that Appellant waived her challenge to the sufficiency of the evidence.[4] *See id*.[5]

---

[4] We note that the trial court also concluded that Appellant waived her challenge to the sufficiency of the evidence because she failed to articulate which convictions or elements of those convictions the Commonwealth allegedly failed to prove. *See* Trial Ct. Op., 1/11/22, at 4. Nevertheless, the trial court proceeded to provide an alternate, yet thorough, analysis of each of Appellant's crimes and the sufficiency of the evidence supporting each conviction. Were we to reach the merits of Appellant's challenge to the sufficiency of the evidence, we would affirm on this alternate basis set forth in the trial court's opinion. *See id.* at 4-8.

[5] We add that in the argument section of her brief, Appellant sets forth only a general claim that the evidence was insufficient. *See* Appellant's Brief at 20. However, Appellant's argument is undeveloped and does not provide citation to any relevant legal authority. These deficiencies provide an additional basis upon which to find Appellant's challenge to the sufficiency of the evidence waived. *See Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) (stating that "where an appellate brief ... fails to develop the issue in any ... meaningful fashion capable of review, that claim is waived[,]" and "[i]t is not

*(Footnote Continued Next Page)*

## Weight of the Evidence

In her next issue, Appellant contends that the verdict was against the weight of the evidence and a new trial should be granted. Appellant claims that video evidence exonerates her and that the verdict must be reversed. Appellant's Brief at 22-23.

When reviewing a weight claim, our standard of review is as follows:

The weight of the evidence is a matter exclusively for the finder of fact, who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. A new trial is not warranted because of a mere conflict in the testimony and must have a stronger foundation than a reassessment of the credibility of witnesses. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice. On appeal, our purview is extremely limited and is confined to whether the trial court abused its discretion in finding that the jury verdict did not shock its conscience. Thus, appellate review of a weight claim consists of a review of the trial court's exercise of discretion, not a review of the underlying question of whether the verdict is against the weight of the evidence. An appellate court may not reverse a verdict unless it is so contrary to the evidence as to shock one's sense of justice.

***Commonwealth v. Gonzalez***, 109 A.3d 711, 723 (Pa. Super. 2015) (citations omitted and formatting altered). An appellant wishing to challenge the weight of the evidence must properly preserve her claim for review, and

---

the role of this Court to formulate [an a]ppellant's argument[.]") (citations omitted)); ***see also*** Pa.R.A.P. 2119(a) (providing that an appellant must support her argument with discussion and citation to authorities).

the issue must be preserved orally prior to sentencing, by a written motion before sentencing, or in a post-sentence motion. *See* Pa.R.Crim.P. 607(A).

The Commonwealth contends that Appellant failed to properly preserve this issue, and it is, therefore, waived on appeal. Commonwealth's Brief at 8-9. The Commonwealth argues although Appellant made a motion for extraordinary relief under Pa.R.Crim.P. 704(B) at the start of her sentencing hearing, a motion under Rule 704(B) only permits the trial court hear a pre-sentence oral motion for a judgment of acquittal or for a new trial under extraordinary circumstances and when the interests of justice require. *Id.* at 9. The Commonwealth asserts that such motions are not a substitute for filing a post-sentence motion pursuant to Rule 607(A). *Id.* (citing ***Commonwealth v. Wilson***, 227 A.3d 928, 937 (Pa. Super. 2020)). The Commonwealth concludes that Appellant waived her challenge to the weight of the evidence by failing to preserve the issue pursuant to Rule 607(A), and Appellant's Rule 704(B) motion did not preserve any issues for post-sentence consideration or appeal. *See id.* (citing Pa.R.Crim.P. 704(B)(3); ***Commonwealth v. Woods***, 909 A.2d 372, 378 (Pa. Super. 2006)).

We agree with the Commonwealth. The comment to Rule 704 provides that a motion for extraordinary relief made pursuant to Rule 704(B) is not sufficient to preserve an issue for appeal. Pa.R.Crim.P. 704(B)(3), cmt.[6]

---

[6] The comment states, in relevant part, as follows:

*(Footnote Continued Next Page)*

Further, a motion for extraordinary relief pursuant to Rule 704(B) is not an alternative to presenting the issue in a post-sentence motion. *Commonwealth v. Askew*, 907 A.2d 624, 627 (Pa. Super. 2006) (citing Pa.R.Crim.P. 704(B)(3), cmt.). Because Appellant failed to properly preserve her challenge to the weight of the evidence pursuant to Rule 607, Appellant's weight claim is waived. *See id.*; *see also Wilson*, 227 A.3d at 937.

In any event, despite Appellant's failure to file a post-sentence motion, we note that the trial court addressed Appellant's challenge to the weight of the evidence. *See* Trial Ct. Op., 1/11/22, at 9. The trial court found that the verdict was not so contrary to the evidence as to shock one's sense of justice. *Id.* The court considered all of the evidence, including the video recording that captured part of the assault. The court noted that it was free to believe some, all, or none of the evidence, and it found Mr. Rivera and Mr. Gonzalez were credible witnesses. *Id.* In light of the credible testimony provided by Mr. Rivera and Mr. Gonzalez, the trial court concluded that the weight of the evidence supported the verdict. *Id.* Were we to reach Appellant's challenge

---

a motion for extraordinary relief is neither necessary nor sufficient to preserve an issue for appeal. The failure to make a motion for extraordinary relief, or the failure to raise a particular issue in such a motion, does not constitute a waiver of any issue. Conversely, the making of a motion for extraordinary relief does not, of itself, preserve any issue raised in the motion, nor does the judge's denial of the motion preserve any issue.

Pa.R.Crim.P. 704(B)(3), cmt.

to the weight of the evidence, we would conclude that the trial court did not abuse its discretion in concluding that Appellant's weight claim was meritless, and that a new trial was not warranted. ***See id.***

## Waiver of Jury Trial

In her next issue, Appellant asserts that she did not knowingly and voluntarily waive her right to a jury trial. Appellant's Brief at 24-28. Appellant contends that the trial court's colloquy on this issue was inadequate. ***Id.*** at 25.

The Commonwealth responds that Appellant entered a knowing and voluntary waiver of her right to a jury trial. Appellant's Brief at 11. The Commonwealth asserts that Appellant completed a written jury trial waiver form and confirmed on the record that she waived her right to a jury trial in an oral colloquy. ***Id.***

A defendant may waive her right to a jury trial and proceed to trial before a judge, provided that her waiver is knowing and voluntary. ***Commonwealth v. Houck***, 948 A.2d 780, 787 (Pa. 2008). To be valid, a jury waiver must be knowing and voluntary, and the defendant must be aware of the essential protections inherent to a jury trial. ***See Commonwealth v. Mallory***, 941 A.2d 686, 696 (Pa. 2008). The essential protections "basic to the concept of a jury trial, are the requirements that the jury be chosen from members of the community (a jury of one's peers), that the verdict be unanimous, and that the accused be allowed to participate in the selection of the jury panel." ***Id.*** at 696-87 (citation omitted and formatting altered).

Additionally, our Rules of Criminal Procedure provide that before a defendant may waive their right to a jury trial, the trial court must:

> ascertain from the defendant whether this is a knowing and intelligent waiver, and such colloquy shall appear on the record. The waiver shall be in writing, made a part of the record, and signed by the defendant, the attorney for the Commonwealth, the judge, and the defendant's attorney as a witness.

Pa.R.Crim.P. 620.

Before we may address the merits of Appellant's claim, we must determine if Appellant properly raised and preserved this issue on appeal. The trial court concluded that Appellant waived this issue for failing to raise it before the trial court. Trial Ct. Op., 1/11/22, at 9-10. Upon review, we agree.

The record reveals that Appellant presented this issue for the first time in her Rule 1925(b) statement. It is well settled that issues not raised in the lower court are waived and cannot be raised for the first time on appeal. *Commonwealth v. Watson*, 835 A.2d 786, 791 (Pa. Super. 2003); *see also* Pa.R.A.P. 302(a). Moreover, a party cannot rectify the failure to preserve an issue by raising it for the first time in a Rule 1925(b) statement. *Id.* For these reasons, we agree with the trial court that Appellant waived this issue. *See id.*; *see also Commonwealth v. Pi Delta Psi, Inc.*, 211 A.3d 875, 884 (Pa. Super. 2019) (stating "issues, even those of constitutional dimension, are waived if not raised in the trial court."); *Commonwealth v. Gumpert*, 512 A.2d 699, 703 (Pa. Super. 1986) (providing that the validity of a jury waiver is subject to principles of waiver on appeal).

- 10 -

We note, however, that the trial court explained that even if Appellant had preserved this issue, she is entitled to no relief as her jury trial waiver was knowing and voluntary. Were we to reach the merits of this claim of error, we would affirm on the basis of the trial court's opinion. **See** Trial Ct. Op., 1/11/22, at 10-11.

### Ineffectiveness of Trial Counsel

In Appellant's three remaining issues, she raises claims alleging ineffective assistance of trial counsel. Appellant's Brief at 29-41.[7] Appellant contends that trial counsel was ineffective for failing to call a witness and argue that video evidence contradicted the Commonwealth's case. **See id.** at 29, 35, and 40.

The Commonwealth responds that Appellant's issues should not be addressed on direct appeal. Specifically, the Commonwealth contends that Appellant has not satisfied any exception to the rule requiring claims of ineffective assistance of counsel to be raised in a collateral proceeding under the Post Conviction Relief Act (PCRA).[8] Commonwealth's Brief at 12-13.

Our Supreme Court has held that as a general rule, claims of ineffective assistance of counsel must await collateral review under the PCRA. **Commonwealth v. Holmes**, 79 A.3d 562, 576 (Pa. 2013). The **Holmes**

---

[7] In her statement of questions involved, Appellant stated six questions, which she listed as issues A, B, C, D, E, and F. Appellant's Brief at 7-8. However, in the Argument section of the brief, issue "F" is referred to as issue "G." **Id.** at 40. We conclude that this was merely a typographical error.

[8] 42 Pa.C.S. §§ 9541-9546.

Court recognized two exceptions to the general rule whereby claims of ineffective assistance of counsel may be raised and addressed on direct appeal "both falling within the discretion of the trial judge[:]" (1) there are extraordinary circumstances in which trial counsel's "ineffectiveness is apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice" or (2) "there is good cause shown" and the defendant knowingly and expressly waives his entitlement to seek subsequent PCRA review of his conviction and sentence). *Id.* at 563-64. Subsequently, our Supreme Court recognized an additional exception permitting courts "to address claims challenging trial counsel's performance where the defendant is statutorily precluded from obtaining subsequent PCRA review." *Commonwealth v. Delgros*, 183 A.3d 352, 361 (Pa. 2018).[9]

Here, however, we agree with the trial court's conclusions that Appellant's claims of ineffectiveness were not apparent from the record, meritorious, nor did her claims rise to the level of requiring immediate consideration in the interests of justice. *See Holmes*, 79 A.3d at 563.

---

[9] We acknowledge that there is an additional limited circumstance where a defendant may raise a claim of ineffective assistance of counsel outside of a PCRA petition. This occurs where a defendant is litigating a first PCRA petition, and the defendant alleges PCRA counsel's ineffectiveness. In that situation, the defendant may raise a claim of PCRA counsel's ineffectiveness at the first opportunity, even if on appeal. *See Commonwealth v. Bradley*, 261 A.3d 381, 405 (Pa. 2021). However, it is undisputed that at this juncture, Appellant has not pursued PCRA relief nor obtained PCRA counsel. Accordingly, Appellant can have no claim of PCRA counsel's ineffectiveness in this direct appeal, and the narrow circumstance discussed in *Bradley* is inapplicable. *See id.*

Rather, the trial court concluded that Appellant's claims must await review under the PCRA. **See** Trial Ct. Op., 1/11/22, at 11-12. Additionally, Appellant did not expressly waive her right to PCRA review. **See Holmes**, 79 A.3d at 564. Further, Appellant is not statutorily barred from seeking PCRA relief. **See Delgros**, 183 A.3d at 361.[10] However instantly, none of the exceptions apply to raise these matters on direct appeal. Therefore, we conclude that Appellant's ineffectiveness claims cannot be considered on direct appeal, and we dismiss these claims without prejudice to Appellant's right to raise them in a timely petition under the PCRA.

Judgment of sentence affirmed.

---

[10] In **Delgros**, our Supreme Court "granted allowance of appeal to determine whether a defendant, who is ineligible for statutory collateral review because he was sentenced to pay a fine without incarceration or probation, may obtain review of ineffective assistance of counsel claims presented in post-sentence motions filed in the trial court." **Delgros**, 183 A.3d at 353. Because the appellant in **Delgros** was sentenced only to a fine, he was ineligible to seek relief under the PCRA. **Id.** at 354-55 (citing 42 Pa.C.S. § 9543). The **Delgros** Court explained that under the eligibility requirements of Section 9543(a), a petitioner must be currently incarcerated, on probation, or on parole, and it precluded PCRA relief for petitioners sentenced only to pay a fine. **Id.** at 355. Here, however, Appellant was sentenced September 21, 2021 to a period of eighteen to thirty-six months of incarceration, followed by three years of probation. Sentencing Order, 9/21/21, at 1-2. Accordingly, Appellant is not statutorily precluded from relief under the PCRA, and the exception in **Delgros** does not apply.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: _11/14/2022_