J-S04013-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DAYQUINE COOPER | : | |
| | : | |
| Appellant | : | No. 671 EDA 2021 |

Appeal from the PCRA Order Entered March 5, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0008449-2016

BEFORE:   BENDER, P.J.E., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED FEBRUARY 8, 2022**

Appellant, Dayquine Cooper, appeals *pro se* from the post-conviction court's March 5, 2021 order denying his timely-filed petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

We need not reproduce the PCRA court's summary of the facts underlying Appellant's conviction for purposes of this appeal.  **See** PCRA Court Opinion (PCO), 5/27/21, at 4-5 (quoting Trial Court Opinion, 7/29/19, at 2-5).  We only note that on October 18, 2018, Appellant was convicted by a jury of various offenses, including attempted murder, aggravated assault, and firearm crimes.  He was sentenced on December 14, 2018, to an aggregate term of 32½ to 77 years' incarceration.  Appellant filed a timely appeal, and

_____

[*] Former Justice specially assigned to the Superior Court.

this Court affirmed his judgment of sentence on May 26, 2020. ***See Commonwealth v. Cooper***, 237 A.3d 483 (Pa. Super. 2020) (unpublished memorandum). "Although [Appellant] filed a petition for allowance of appeal [with] the Pennsylvania Supreme Court, the petition was untimely and was therefore administratively closed on June 30, 2020." PCO at 2.

Appellant thereafter filed a timely, *pro se* PCRA petition on September 21, 2020.

> Stephen O'Hanlon, Esquire was appointed to represent [Appellant] on October 16, 2020. On November 19, 2020, pursuant to ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988), [Attorney] O'Hanlon filed a letter stating there was no merit to [Appellant's] claims for collateral relief. ***See Finley*** Letter of [Attorney] O'Hanlon, filed 11/19/2020 ("***Finley*** Letter").
>
> On November 24, 2020, [Appellant] filed a "Motion for Correction of an Error of the P.C.R.A. Court" asserting that he wished to represent himself and that he had previously made this request in his PCRA Petition ("Motion for Correction of Error"). On December 16, 2020, [Appellant] filed a response to the ***Finley*** Letter ("Response to ***Finley*** Letter"). On January 15, 2021, the [c]ourt issued notice pursuant to Pa.R.Crim.P. 907 ("907 Notice") of its intent to dismiss [Appellant's] PCRA [p]etition without an evidentiary hearing. On February 2, 2021, [Appellant] filed a response to the 907 Notice ("907 Response"). On February 3, 2020, [Appellant] filed an additional response entitled "Objection Notice to Attorney ***Finley*** Letter and Court Notice Pursuant to PA Rule of Criminal Procedure 907" ("Supplemental 907 Response") raising a number of new issues. On March 1, 2021, [Attorney] O'Hanlon filed a supplemental ***Finley*** letter ("Supplemental ***Finley*** Letter"). On March 5, 2021, the [c]ourt formally dismissed [Appellant]'s PCRA Petition and granted [Attorney] O'Hanlon's motion to withdraw his appearance.[3]
>
> ---
> [3] On March 5, 2021, the same day that the PCRA [petition] was dismissed, [Appellant] mailed a response to the Supplemental ***Finley*** Letter. This response was not

received by the [c]ourt until March 25, 2021, and did not raise any new claims.

On March 16, 2021, [Appellant] filed a [n]otice of [a]ppeal from the [c]ourt's dismissal of his PCRA Petition.[1] Although [Appellant] attached a [Pa.R.A.P. 1925(b) concise s]tatement of [e]rrors [complained of on appeal] to the [n]otice of [a]ppeal, the [c]ourt issued an order on April 6, 2021, pursuant to Rule 1925(b)…, directing [Appellant] to file again a [c]oncise [s]tatement of [e]rrors [c]omplained of on [a]ppeal by April 27, 2021. This order warned [Appellant] that any issues that [Appellant] did not raise in a [s]tatement of [e]rrors filed by April 27, 2021, would be deemed to have been waived. [Appellant] did not respond this order, apparently choosing to rely on his originally filed [s]tatement of [e]rrors.

*Id.* at 2-3 (some footnotes omitted). The PCRA court filed its Rule 1925(a) opinion on May 27, 2021.

On September 10, 2021, Appellant filed a handwritten, *pro se* brief with this Court. Before addressing the arguments raised therein, we note that:

---

[1] We recognize that Appellant's *pro se* notice of appeal did not state the date of the order being appealed as required by Pa.R.A.P. 904 (Contents of Notice of Appeal). Consequently, on July 6, 2021, this Court issued a rule to show cause why this appeal should not be quashed. Appellant failed to respond to the rule to show cause. On July 26, 2021, this Court entered an order notifying the parties that the issue raised in the rule to show cause would be referred to this panel. After further review of Appellant's timely notice of appeal, we decline to quash. While Appellant omitted the date of the order from which he is appealing, he stated that he is appealing "from the judgment of Stephen O'Hanlon['s] *Finley* letter that [Appellant's PCRA] petition [is] without merit[.]" Notice of Appeal, 4/14/21. This language is sufficient to indicate that Appellant is appealing from the PCRA court's March 5, 2021 order denying his PCRA petition and granting counsel's petition to withdraw. Moreover, we have declared that "[a] failure to comply with [Rule] 904 will not result in a dismissal of the notice of appeal as long as the notice of appeal is timely filed." *Commonwealth v. Gumpert*, 512 A.2d 699, 700-01 (declining to dismiss appeal where a mistake in the caption was an error of form and not substance). Accordingly, we do not quash Appellant's appeal.

"In reviewing the propriety of an order granting or denying PCRA relief, an appellate court is limited to ascertaining whether the record supports the determination of the PCRA court and whether the ruling is free of legal error." **Commonwealth v. Johnson**, … 966 A.2d 523, 532 ([Pa.] 2009). We pay great deference to the findings of the PCRA court, "but its legal determinations are subject to our plenary review." **Id.**

**Commonwealth v. Matias**, 63 A.3d 807, 810 (Pa. Super. 2013).

Next, we observe that Appellant's brief wholly fails to comply with the Pennsylvania Rules of Appellate Procedure. Namely, Appellant omits several of the briefing sections required by Rules 2114 through 2119, including a "Statement of Questions Involved" section. **See** Pa.R.A.P. 2116. Moreover, his "Argument" section (labeled as "Discussion") is not "divided into as many parts as there are questions to be argued," and it does not contain any citations to, or discussion of, pertinent legal authority. **See** Pa.R.A.P. 2119(a). More problematically, Appellant's two-page argument is for the most part incoherent. Nevertheless, we will attempt to address the claims we can discern.

First, Appellant seems to aver that the court should not have appointed Attorney O'Hanlon because Appellant indicated in his *pro se* PCRA petition that he wished to represent himself. In rejecting this claim, the PCRA court explained:

"[T]o invoke the right of self-representation, the request to proceed *pro se* must be made timely and not for purposes of delay and must be clear and unequivocal." **Commonwealth v, Davido**, 868 A.2d 431, 438 (Pa. 2005) ([finding the] defendant's request to proceed *pro se*[,] only as an alternative if the court did not appoint [the] defendant new counsel[,] was a "bargaining device" and not an unequivocal demand for self-representation).

"[T]he inquiry surrounding whether a request to proceed *pro se* is unequivocal is fact intensive and should be based on the totality of the circumstances surrounding the request." *Id.* at 439. "[A] court only needs to conduct an on the record colloquy when there has been a 'timely and unequivocal' request to proceed *pro se*." *Id.* at 438.

The portion of the PCRA [p]etition to which [Appellant] refers reads[, *verbatim*]: "The Petitioner does not have a lawyer, and if the case should be that Counsel of Record continues appointed to this case, the Petitioner request that such be dismissed from the case, and that a <u>Grazier</u>[2] <u>Hearing</u> be scheduled for an On the Record in Propia Persona action. The Petitioner has an explicit right to Self-Representation whether or not this the Petitioner's First Petition for Post Conviction Collateral Relief Guaranteed by the Sixth Amendment." PCRA Petition[, 9/21/20,] at ¶ 14…. [Appellant] specifically requested that he be allowed to represent himself only if "Counsel of Record continues appointed." *Id.* The "Counsel of Record" at the time of this filing was Benjamin Cooper, Esquire.[12] [Appellant's] demand was not a clear and unequivocal request to proceed *pro se*, but was a request to proceed *pro se* as an alternative to [Attorney] Cooper's representation. Because [Appellant] requested to proceed *pro se* only if [Attorney] Cooper represented him, [Attorney] O'Hanlon was properly appointed.

> [12] [Appellant] previously requested [Attorney] Cooper be removed from his case on June 26, 2019, in a "Petition to Remove Counsel and Court Appoint New Counsel" in which he erroneously claimed that [Attorney] Cooper failed to file an appeal on his behalf and stated that "[Appellant will] feel better going forward with a different attorney on the behalf of his appeal." Petition to Remove Counsel and Court Appoint New Counsel at p. 1. The [c]ourt denied this motion because [Attorney] Cooper did file an appeal on [Appellant's] behalf and because the [c]ourt was without jurisdiction to consider the motion, as the case was pending on appeal in Superior Court. Trial Court Order[, 7/31/19].

PCO at 6-7.

_____

[2] *See Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).

In challenging the court's rationale in his brief to this Court, Appellant states only that he "never request[ed] that … [Attorney] Cooper be remove[d] an[d] new counsel be appointed. [Appellant] said if [Attorney] Cooper remain[ed his counsel,] he would like [a] *Grazier* hearing. The [c]ourt never held that hearing…." Appellant's Brief at 6.

Appellant's argument is meritless. As the PCRA court observed, Appellant did request that Attorney Cooper be removed as his counsel in his *pro se* "Petition to Remove Counsel and Court Appoint New Counsel". Accordingly, the court reasonably interpreted the statements in Appellant's PCRA petition as indicating that he **only** wished to proceed *pro se* if Attorney Cooper was appointed as his PCRA counsel. Because the court appointed Attorney O'Hanlon instead of Attorney Cooper, we discern no error in the court's presuming that Appellant would not want to proceed *pro se*.

Moreover, Attorney O'Hanlon ultimately moved for leave to withdraw. During the pendency of counsel's motion, the PCRA court accepted and reviewed Appellant's multiple, *pro se* filings in support of his petition. Thus, Appellant was effectively acting *pro se*, and he does not explain what he would have done differently in representing himself, had the court not appointed Attorney O'Hanlon at all. Consequently, no relief is due.

Appellant next asserts that the PCRA court should have held an evidentiary hearing. This Court has explained that, "[w]hen reviewing the denial of a PCRA petition without an evidentiary hearing, we 'determine whether the PCRA court erred in concluding that there were no genuine issues

of material fact and in denying relief without an evidentiary hearing.'" ***Commonwealth v. Hart***, 199 A.3d 475, 481 (Pa. Super.2018) (quoting ***Commonwealth v. Burton***, 121 A.3d 1063, 1067 (Pa. Super. 2015)). "[W]hen there are no disputed factual issues, an evidentiary hearing is not required…." ***Id.*** (quoting ***Commonwealth v. Morris***, 684 A.2d 1027, 1042 (Pa. 1996)). Here, Appellant does not explain what genuine issues of material fact necessitated an evidentiary hearing. He also does not state what evidence or witnesses he would have presented at a hearing, or what issues he would have argued. Therefore, his assertion that a hearing was warranted is meritless.

Finally, Appellant claims that Attorney O'Hanlon acted ineffectively. His entire argument in support of this claim consists of the following, *verbatim* statements:

> Mr O'hanlon was Ineffective Assistance of Counsel Base of Not raise Defendant issue, Not removing him self when he was inform This Petition is Pro-Se, failing to investigate The Defendant Claims, Counsel ignore The Evidence, Counsel ignore The Case law Attach To PCRA Petition, Counsel ignore Defendant request for Audio-Video Motion for Clearfication

Appellant's Brief at 7 (unnumbered). Appellant's confusing and undeveloped argument clearly fails to meet the three-pronged test for proving counsel's ineffectiveness. ***See Commonwealth v. Franklin***, 990 A.2d 795, 797 (Pa. Super. 2010) ("It is well-established that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit;

- 7 -

(2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error.") (citations omitted). Accordingly, this claim fails, as well.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/8/2022