J-S27024-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEMONT ADRIAN ROBINSON | : | |
| | : | |
| Appellant | : | No. 224 EDA 2025 |

Appeal from the Judgment of Sentence Entered August 15, 2024
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0006044-2023

BEFORE:   STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:                **FILED SEPTEMBER 4, 2025**

Demont Adrian Robinson appeals from the judgment of sentence entered after a judge found him guilty of driving under suspension.[1]  Robinson challenges whether the waiver of his right to a jury trial was valid.  Because Robinson failed to preserve this issue, we affirm.

Police charged Robinson with driving under suspension on August 4, 2023.  Robinson moved to suppress evidence; the trial court heard and denied his motion on May 8, 2024.

On May 22, 2024, Robinson appeared for a stipulated bench trial.  At the start of the proceedings, counsel provided written forms, which Robinson signed, reflecting his waiver of a jury trial and his agreement that the case

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S. § 1543(b)(1)(iii).

would be decided based on stipulated facts. Robinson's attorney conducted a colloquy on the record, addressing Robinson's understanding of the rights he was waiving:

Q. Do you understand that in this case you have a right to a trial by jury?

A. Yes.

Q. And that would mean that after the presentation of evidence, at least by the Commonwealth, it would be the jury which would decide whether or not the Commonwealth had proved your guilt beyond a reasonable doubt. Do you understand that?

A. Yes.

Q. And that the jury's verdict could be accepted only if it was unanimous, that is all 12 Jurors would individually have to have found beyond a reasonable doubt that you were guilty based on the evidence presented in court. Do you understand that?

A. Yes.

Q. If there was anything less than unanimity, that is less than 12, there would be a hung jury. Do you understand that?

A. Yes.

Q. Finally, on the same focus, you could be found not guilty by that jury of 12 only if all 12 Jurors agreed unanimously that you were not guilty, that is that the evidence presented did not prove beyond a reasonable doubt. Do you understand that?

A. Yes.

N.T., Stipulated Bench Trial, 5/22/24, at 6–7. Counsel asked Robinson about the form he had completed, and Robinson confirmed that all of his answers on the form were true and correct. *Id.* at 8. The trial court then questioned Robinson: "I want to make sure you understand the rights you're giving up." *Id.* at 10. Robinson stated, "Yes," and had no questions. *Id.* The trial court

found that Robinson "knowingly, intelligently, and voluntarily waived his right to a jury trial," and the court accepted Robinson's signed form. *Id.* at 10–11.

The Commonwealth presented the stipulated record, and the trial court found Robinson guilty. Sentencing was deferred. During his non-jury trial, Robinson did not object that his colloquy waiving a jury trial was defective.

Robinson appeared for sentencing on August 15, 2024. The trial court sentenced Robinson to serve 6 to 12 months of imprisonment and to pay a $2,500.00 fine. At his sentencing proceeding, Robinson did not alert the trial court to any defects in his waiver of his right to a jury trial.

On August 23, 2024, Robinson filed a post-sentence motion, in which he asked that his sentence be modified to electronic home monitoring instead of jail. In his post-sentence motion, Robinson did not challenge the validity of his jury-trial waiver. The trial court denied Robinson's post-sentence motion on December 11, 2024.

Robinson timely appealed. The trial court directed Robinson to file a concise statement of errors complained of on appeal. In his concise statement of errors, Robinson questioned for the first time whether, before waiving his right to a jury trial, the oral colloquy failed to explain that the jury would be composed of Robinson's peers and that Robinson would have the right to participate in jury selection. The trial court entered an opinion concluding that Robinson validly waived his right to a jury trial and that the trial court did not err by accepting the waiver.

On appeal, Robinson presents the same issue as in his concise statement of errors:

> Did the lower court err accepting [Robinson's] waiver of his right to a jury trial when the oral colloquy conducted before the waiver failed to explain that the jury would be composed [of Robinson's] peers, and that [Robinson] would have the right to participate in jury selection?

Robinson's Brief at 3.

Robinson argues that his jury-trial waiver was defective because his oral colloquy with counsel did not establish his understanding of certain "essential ingredients inherent to a jury trial." *See Commonwealth v. Houck*, 948 A.2d 780, 787 (Pa. 2008). Although these matters were addressed in the written form he completed, Robinson submits that the printed colloquy alone was inadequate to establish his comprehension of the rights being waived. *Cf. Commonwealth v. Clyburn*, 42 A.3d 296, 300 (Pa. 2012) (regarding waiver of the right to counsel). Because of his apparently deficient oral colloquy to waive his right to a jury trial, Robinson requests that this Court vacate his judgment of sentence and remand for a new trial.

The Commonwealth argues that Robinson's oral and written colloquies combined effectively established that Robinson made an understanding waiver of his jury trial right.

We do not reach the merits of Robinson's issue because Robinson did not provide the trial court any opportunity to address the alleged defect in his colloquy before appealing. In general: "Issues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a).

If an issue must be preserved before the trial court, it may not be raised for the first time in a concise statement of errors. *Commonwealth v. Coleman*, 19 A.3d 1111, 1118 (Pa. Super. 2011). Rather, a defendant challenging the validity of his own waiver of rights must apprise the trial court of the issue either at the time of the waiver or in a post-sentence motion. *See, e.g.*, *Commonwealth v. Monjaras–Amaya*, 163 A.3d 466, 468–69 (Pa. Super. 2017) (guilty plea); *Commonwealth v. Duffy*, 832 A.2d 1132, 1137 (Pa. Super. 2003) (right to testify). Notably, this Court held that for a defendant to challenge his waiver of his right to a jury trial, he must contemporaneously object to any defects in the colloquy. *Commonwealth v. Gumpert*, 512 A.2d 699, 703 (Pa. Super. 1986). This is essential to give the trial court some "opportunity to correct the deficiency." *Id.*

Here, Robinson did not challenge the validity of his waiver of his right to a jury trial until after he appealed and filed a concise statement of errors. This was too late to allow the trial court to resolve the issue, and Robinson has therefore failed to preserve his challenge. *Coleman*, 19 A.3d at 1118. Because we do not reach the merits of Robinson's issue, we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>9/4/2025</u>